IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 25-11887-A
DISTRICT COURT DOCKET NO. 0:24-cv-61442-RS

COURTNEY MORGAN, M.D.,

*Plaintiff-Appellant/Cross-Appellee,*

v.

WALGREEN CO.,

*Defendant-Appellee/Cross-Appellant.*

**DEFENDANT-APPELLEE/CROSS-APPELLANT WALGREEN CO.'S RESPONSE TO JURISDICTIONAL QUESTIONS**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Elliot B. Kula
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Ste. 221
Miami, Florida 33181
Telephone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
*Counsel for Walgreen Co.*

*Morgan v. Walgreen Co.*
Case No. 25-11887-A

CERTIFICATE OF INTERESTED PERSONS
AND
CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee/Cross-Appellant, WALGREEN CO., submits this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

1. Anderson & Welch, LLC, *Attorneys for Courtney Morgan, M.D.*

2. Anderson, Kevin R., Esq., *Attorney for Courtney Morgan, M.D.*

3. Chaplin, Erica F., Esq., *Attorney for Courtney Morgan, M.D.*

4. Kula & Associates, P.A., *Attorneys for Walgreen Co.*

5. Kula, Elliot B., Esq., *Attorney for Walgreen Co.*

6. Morgan, Courtney, M.D., *Plaintiff-Appellant/Cross-Appellee*

7. Quintairos Prieto Wood & Boyer, PA, *Attorneys for Walgreen Co.*

8. Schlafly, Andrew L., Esq., *Attorney for Courtney Morgan, M.D.*

9. Smith, Hon. Rodney, *U.S. District Court Judge*

10. Tarlow, David Michael, *Attorney for Walgreen Co.*

11. Walgreens Co. (WAG), *Defendant-Appellee/Cross-Appellant*

C-1 of 2

*Morgan v. Walgreen Co.*
Case No. 25-11887-A

**CERTIFICATE OF INTERESTED PERSONS**
**AND**
**CORPORATE DISCLOSURE STATEMENT**
(Continued)

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.101 through 26.1-3, Defendant-Appellee/Cross-Appellant, Walgreen Co., makes the following statement as to corporate ownership:

WALGREEN CO., Defendant-Appellee/Cross-Appellant, is a wholly owned subsidiary of Walgreens Boots Alliance, Inc., a Delaware corporation that has issued shares to the public which are listed on NASDAQ (WBA). Walgreen Co. has no subsidiaries or affiliates that have issued shares to the public and no other publicly held corporation owns 10% or more of its stock.

COURTNEY MORGAN is an individual.

/s/ **Elliot B. Kula**
Elliot B. Kula

C-2 of 2

# RESPONSE TO JURISDICTIONAL QUESTIONS

Appellee/Cross-Appellant, WALGREEN CO. ("Walgreens"), hereby responds to the Court's July 2nd jurisdictional questions.

### THE JURISDICTIONAL QUESTIONS

The Court has posed two jurisdictional questions directed to Walgreens' cross-appeal, as follows:

(1) Please address whether Walgreens Co. has standing to cross-appeal in this case. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (explaining that litigants must establish their standing to appeal and that only a litigant aggrieved by an order may appeal); *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1245 (11th Cir. 2023) (explaining that a prevailing party generally lacks standing to cross-appeal because it is assumed that the judgment caused it no injury, but that an exception exists if it is prejudiced by the collateral estoppel effect of the appealed order); *id*. (providing that a cross-appeal is inappropriate where the prevailing party merely seeks to expand the preclusive effect of the judgment upon future litigation).

(2) Please address whether Walgreens Co.'s cross-appeal of the district court's grant of a preliminary injunction is moot in light of the court's later dismissal of the case. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (explaining that federal courts lack authority to give opinions on moot questions and that a question is moot when there is no live controversy for which the court can grant meaningful relief); *Birmingham Fire Fighters Ass'n*

*117 v. City of Birmingham*, 603 F.3d 1248, 1254 (11th Cir. 2010) (holding that, even when an order is immediately appealable as a preliminary injunction order, intervening events can affect our jurisdiction).

**RESPONSIVE ANALYSIS**

**I.     Summary.**

Walgreens filed its Notice of Cross-Appeal in an abundance of caution, mindful of the authorities cited by the Court in its jurisdictional questions, but encountering the oppositional view stated by Dr. Morgan's appellate counsel during counsel conferral and in court filings.  To that point, Walgreens was concerned that should Dr. Morgan prevail on this Court to reverse the district court's dismissal order and remand for reinstatement of the underlying litigation, then the preliminary injunction might spring back to life with the opportunity for appeal foreclosed.  To guard against that possibility, Walgreens filed its Notice of Cross-Appeal.

**II.    The Proceedings Giving Rise to this Plenary Appeal and the Earlier Interlocutory Appeal (Voluntarily Dismissed).**

In the underlying litigation, Plaintiff-Appellant/Cross-Appellee, Courtney Morgan, M.D., prevailed on the district court to enter a preliminary injunction, of which Walgreens sought interlocutory review.  *See Morgan v. Walgreen Co.*, No. 24-13087 ("*Morgan I*").

While the briefing in *Morgan I* proceeded, the district court entered its Order Granting Motion to Dismiss (the "Dismissal Order") upon finding that Dr. Morgan failed to join the State of Florida as an indispensable party.  From the Dismissal

2

Order, after an unsuccessful attempt at reconsideration, Dr. Morgan filed a notice of appeal, invoking the Court's jurisdiction for this plenary appeal (*Morgan II*).

Walgreens, based upon the authorities cited by the Court in its jurisdictional questions and additional authorities, concluded that the preliminary injunction was rendered moot by the district court's Dismissal Order, and *Morgan I* accordingly became moot, and so advised the Court. *See* DE:33 in *Morgan v. Walgreen Co.*, No. 24-13087. But Dr. Morgan argued the contrary. And so, while it moved to voluntarily dismiss its appeal in *Morgan I*, Walgreens contemporaneously noticed its cross-appeal of the district court's Dismissal Order—proceeding in an abundance of caution to preserve its challenge to the district court's preliminary injunction (concerned, based upon Dr. Morgan's asserted position, that the preliminary injunction might revive in the event the Court in this plenary appeal were to reinstate the underlying action).

### III. Walgreens Recognizes the Mootness Identified by the Court in its Jurisdictional Questions, and Proceeds in an Abundance of Caution with its Cross-Appeal Responsive to Dr. Morgan's Asserted Position.

Upon dismissal or adjudication of a case, "the life of the preliminary injunction [will have come] to an end, and it no longer [will have] a binding effect on any one." *State of Ala. v. EPA*, 871 F.2d 1548, 1553-54 (11th Cir.1989). *Accord Cypress Barn, Inc. v. W. Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir.1987). "With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on [anyone]. The preliminary injunction was by its very nature interlocutory, tentative and impermanent." *U.S. ex rel. Bergen v.*

3

*Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) (citation and internal quotation marks omitted).[1]

This principle stems from the very purpose of a preliminary injunction, which is to preserve the status quo and the rights of the parties until a final judgment issues in the cause. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L.Ed.2d 175 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment."); *Erie Ins. Exch. v. Md. Ins. Admin.*, 105 F.4th 145, 148 (4th Cir. 2024) (explaining that "a preliminary injunction plays no role in preserving the status quo once a lawsuit has reached final judgment, and this lawsuit ended the moment the district court dismissed Erie's complaint).[2]

The foregoing principles undermine Walgreens' standing to cross-appeal as referenced in the Court's first jurisdictional question—that is, Walgreens cannot claim to be "aggrieved" by the Dismissal Order, which terminates Dr. Morgan's suit

---

[1] Stated otherwise, the preliminary injunction order merges into the final Dismissal Order, and its review would be part of any plenary appeal, in the form of a protective cross-appeal initiated by Walgreen Co. *E.g.*, *Zinman v. Nova Se. Univ.*, No. 21-11711-JJ, 2021 WL 7160514, *1 (11th Cir. Dec. 3, 2021).

[2] *See also* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2947 (3d ed. 2013 & Supp. 2024) (discussing how "a preliminary injunction normally lasts until the completion of the trial on the merits, unless it is dissolved earlier by court order or the consent of the parties").

4

and, by operation of the described above law, dissolves the preliminary injunction. Because the injunction expired automatically with the Dismissal Order, there is no injunction to challenge. As such, Walgreens recognizes that the termination of the underlying action extinguishes both any ongoing injury from the injunction and any legal basis to maintain its cross-appeal.

Nevertheless, confronted with Dr. Morgan's assertion to the contrary—"[i]t is ambiguous whether the district court intended for the preliminary injunction to remain in effect until Dr. Morgan could obtain relief in state court, or obtain relief on appeal," *see* DE:34 in *Morgan v. Walgreen Co.*, No. 24-13087—Walgreens filed its cross-appeal in an abundance of caution to safeguard against future argument that it forfeited its appellate rights. Walgreens remains understandably reluctant to voluntarily relinquish those rights, given the ambiguity Dr. Morgan has introduced.

Even so, Walgreens maintains its firmly held view that the preliminary injunction is now moot, would not spring back to life even if the Dismissal Order were reversed, and could only be reinstated through a separate, affirmative order by the district court. Should the Court agree with Walgreens' position—that the injunction has no continuing force and that Walgreens is not aggrieved by the Dismissal Order—dismissal of the cross-appeal would be the appropriate and proper resolution. Walgreens defers to the Court's judgment on this jurisdictional question and stands ready to proceed as directed.

## CONCLUSION

Walgreens does not dispute the jurisdictional questions raised by the Court, but maintains its cross-appeal in an abundance of caution given the oppositional view by Dr. Morgan's appellate counsel upon conferral and to preserve all appellate rights.

Respectfully submitted,

Elliot B. Kula
Florida Bar No. 003794
KULA & ASSOCIATES, P.A.
11900 Biscayne Blvd., Ste. 310
Miami, Florida 33181
Telephone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
*Counsel for Walgreen Co.*

By: /s/ Elliot B. Kula
Elliot B. Kula

## CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitation set forth in Rules 32(g)(1) of the Federal Rules of Appellate Procedure. This Motion uses Times New Roman 14-point typeface and contains 1,316 words.

/s/ Elliot B. Kula
Elliot B. Kula

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Elliot B. Kula
Elliot B. Kula