IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 25-11887
DISTRICT COURT DOCKET NO. 0:24-cv-61442-RS

COURTNEY MORGAN,

*Plaintiff-Appellant*,

v.

WALGREEN CO.,

*Defendant-Appellee*.

BRIEF OF APPELLEE WALGREEN CO.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Elliot B. Kula
Elaine D. Walter
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 221
Miami, Florida 33181
Telephone:  (305) 354-3858
Facsimile:  (305) 354-3822
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com
*Counsel for Defendant-Appellee Walgreen Co.*

*Morgan v. Walgreen, CO.*
CASE NO. 25-11887

CERTIFICATE OF INTERESTED PERSONS
AND
CORPORATE DISCLOSURE STATEMENT

The Appellee submits this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this review:

1. Anderson & Welch, LLC, *Attorneys for Courtney Morgan, M.D.*

2. Anderson, Kevin R., Esq., *Attorney for Courtney Morgan, M.D.*

3. Chaplin, Erica F., Esq., *Attorney for Courtney Morgan, M.D.*

4. Kula & Associates, P.A., *Attorneys for Walgreen Co.*

5. Kula, Elliot B., Esq., *Attorney for Walgreen Co.*

6. Morgan, Courtney, M.D., *Plaintiff-Appellante*

7. Quintairos Prieto Wood & Boyer, PA, *Attorneys for Walgreen Co.*

8. Schlafly, Andrew L., Esq., *Attorney for Courtney Morgan, M.D.*

9. Smith, Hon. Rodney, *U.S. District Court Judge*

10. Tarlow, David Michael, *Attorney for Walgreen Co.*

11. Walgreens Co. (WAG), *Defendant-Appellee*

12. Walter, Elaine D., Esq., *Attorney for Walgreen Co.*

C-1 of 2

*Morgan v. Walgreen, CO.*
<u>CASE NO. 25-11887</u>

**CERTIFICATE OF INTERESTED PERSONS
AND
<u>CORPORATE DISCLOSURE STATEMENT</u>**
(Continued)

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.101 through 26.1-3, Defendant-Appellant, Walgreen Co., makes the following *updated* statement as to corporate ownership:

WALGREEN CO., Defendant/Appellant, states that its parent corporation is Walgreens Holding Company. Walgreen Co. is a wholly owned subsidiary of Walgreens Holding Company, a holding company incorporated in Delaware that is owned in turn by Blazing Star Parent, LLC, which is also organized in Delaware. No publicly held corporation owns more than 10% of Walgreens' stock.

COURTNEY MORGAN is an individual.

/s/ **Elliot B. Kula**
Elliot B. Kula

C-2 of 2

## STATEMENT REGARDING ORAL ARGUMENT

On appeal is the district court's final order dismissing the underlying action for plaintiff's failure to join the State of Florida as an indispensable party. And the facts and law are without contravention, so that disposition on appeal should be readily accomplished without oral argument.

Core to the underlying action is the 2022 settlement agreement that Walgreen Co. entered into with the State of Florida, to resolve the statewide opioid litigation initiated by the Florida Attorney General. DE:16-1:3. *See also* DE:19-1:9–12 (the "Settlement Agreement"). Courtney Morgan, M.D., sued Walgreen Co. for its decision to block his prescriptions—a decision Walgreen Co. made pursuant to and compliant with the terms of its Settlement Agreement with the State of Florida. Merely to recite these undisputed facts is to show the State of Florida's indispensable party status, but certainly presents as an issue for which oral argument would not seem to be warranted.

Oral argument would be a waste of judicial and party resources given the discrete issue and undisputed record.

i

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ....................................................C-1

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
      DISCLOSURE STATEMENT...............................................................1

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

TABLE OF CONTENTS............................................................................. ii

TABLE OF AUTHORITIES .......................................................................iv

STATEMENT OF JURISDICTION................................................................1

STATEMENT OF THE ISSUES...................................................................1

STATEMENT OF THE CASE......................................................................2

     I.     COURSE OF PROCEEDINGS. ..........................................................2

     II.    STATEMENT OF THE FACTS..........................................................4

          A.     The Settlement Agreement Between Walgreens
              and the State of Florida. ...............................................4

          B.     Walgreens' Process Under the Settlement
              Agreement, to Block Dr. Morgan's Prescriptions. .....................5

          C.     Litigation Ensued Against Walgreens. .......................................7

          D.     The District Court's Indispensable Party Analysis.....................8

          E.     Dr. Morgan Recast His Cause of Action—in his
              Rule 59(e) Motion.........................................................8

STANDARD OF REVIEW ........................................................................9

SUMMARY OF ARGUMENT ...................................................................11

ARGUMENT ...........................................................................................12

    I.    THE DISTRICT COURT CORRECTLY DISMISSED DR. MORGAN'S ACTION FOR FAILURE TO JOIN AN INDISPENSIBLE PARTY..............................................12

    II.    THE DISTRICT COURT DENIED DR. MORGAN'S MOTION FOR RECONSIDERATION UNDER RULE 59(E) FOR FAILURE TO CONFORM, AND NEITHER WAIVER OF JURISDICTION NOR THE FORFEITURE DOCTRINE WERE IMPLICATED.........................16

    III.    THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION IN DENYING DR. MORGAN'S REQUEST FOR LEAVE TO AMEND HIS COMPLAINT TO ASSERT AN ENTIRELY NEW CLAIM, MADE FOR THE FIRST TIME IN HIS RULE 59(e) MOTION FOR RECONSIDERATION. ..................................20

    IV.    DR. MORGAN'S SUGGESTION *FOR THE FIRST TIME ON APPEAL* THAT THE DISTRICT COURT IMPROPERLY RELIED ON INCOMPLETE AND UNAUTHENTICATED SETTLEMENT AGREEMENT EXCERPTS SHOULD BE REJECTED. ...........................22

CONCLUSION.......................................................................................22

CERTIFICATE OF COMPLIANCE.....................................................23

CERTIFICATE OF SERVICE ..............................................................23

# TABLE OF AUTHORITIES

**Page**

## Cases

*Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004) ................................................................. 11, 12, 22

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)................................................................17

*Arthur v. King*, 500 F.3d 1335 (11th Cir. 2007) ...................................... 10, 11, 17

*BOF Med. Ctr., Inc. v. CVS Pharmacy, Inc.*, No. 23-cv-24438-GAYLES, 2024 U.S. Dist. LEXIS 78490 *1, 2024 WL 1908616 *1 (S.D. Fla. Apr. 30, 2024)............................................13

*Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999)..............................10

*Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956 (11th Cir. 2001) ..............................................................13

*Garcon v. United Mut. of Omaha Ins. Co.*, 779 Fed. Appx. 595 (11th Cir. 2019)................................................................19

*In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035 (11th Cir. 2008) ................................................................17

*Kontrick v. Ryan*, 540 U.S. 443 (2004).................................................................18

*Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843 (11th Cir. 1999) ................................................................14

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1139 (11th Cir. 2013) ................................................................. 11, 12, 22

*Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757 (11th Cir. 2005) ................................................................. 10, 11, 13

*Mincey v. Head*, 206 F.3d 1106 (11th Cir. 2000) .................................................19

# TABLE OF CITATIONS
(Continued)

**Page**

*Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159 (11th Cir. 1994)................................10

*Santiago v. Honeywell Int'l, Inc.*, 768 Fed. Appx. 1000 (11th Cir. 2019) ........................................................................................................15

*SEC v. Mut. Benefits Corp.*, 408 F.3d 737 (11th Cir. 2005)....................................9

*Sosa v. Airprint Sys.*, 133 F.3d 1417 (11th Cir. 1998).............................................21

*Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235 (11th Cir. 2009) ........................................................................................................20

*Stone v. Wall*, 135 F.3d 14382 (11th Cir. 1998) ................................................ 11, 16

*U.S. v. Simms*, 385 F.3d 1347 (11th Cir. 2004) ........................................................10

*U.S. v. Weisman*, 651 Fed. Appx. 858 (11th Cir. 2016) ...........................................19

*U.S. v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282 (11th Cir. 2005).........................9

*United States v. Olano*, 507 U.S. 725 (1993) ...........................................................18

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999) ......................17

**Statutes**

28 U.S.C. § 1332(a) .....................................................................................................1

28 U.S.C. §1291 ...........................................................................................................1

42 U.S.C. § 1983 ................................................................................................. passim

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................7

Fed. R. Civ. P. 12(b)(7)................................................................................................7

Fed. R. Civ. P. 16(b)(4)..............................................................................................20

**TABLE OF CITATIONS**
(Continued)

**Page**

Fed. R. Civ. P. 19(a)(1) ....................................................................................15

Fed. R. Civ. P. 19(b) ................................................................................. passim

## STATEMENT OF JURISDICTION

The district court had diversity subject matter jurisdiction under 28 U.S.C. § 1332(a).

This Court has jurisdiction under 28 U.S.C. §1291, for review of the district court's final order of dismissal.

## STATEMENT OF THE ISSUES

Plaintiff-Appellant recites four issues, Brief of Appellant at 2, which can be distilled into two.

The principal issue is whether the trial court properly dismissed the complaint underlying litigation for failure to join the State of Florida as an indispensable party, noting that adding the State of Florida would destroy diversity jurisdiction. This issue presents as a question of law, subject to the Court's de novo review.

The secondary issue is whether the district court acted properly within its discretion when it denied a request made for the first time in a motion for reconsideration, under Fed. R. Civ. P. 59(e), for leave to file an amended complaint to assert an entirely new cause of action—replacing his tortious interference claim with a 42 U.S.C. § 1983 violation claim—in a belated attempt to avoid the district court's ruling on the State of Florida's indispensable party status, and supplant the diversity jurisdiction predicating his original complaint. This issue presents with a threshold consideration of waiver, and waiver aside, the district court's ruling in the exercise of its discretion is reviewed under the highly deferential abuse of discretion standard.

## STATEMENT OF THE CASE

### I.    COURSE OF PROCEEDINGS.

Courtney Morgan, M.D. (Dr. Morgan or Appellant) initiated the underlying litigation by filing a complaint as amended against Walgreen Co. (Walgreens) alleging one count of tortious interference with a business relationship and seeking injunctive relief.  DE:4.  Core to Dr. Morgan's lawsuit was the 2022 settlement agreement that Walgreen entered into with the State of Florida to resolve the statewide opioid litigation initiated by the Florida Attorney General.  DE:16-1 at 3. *See also* DE:19-1 a t9–12 (the "Settlement Agreement").[1]  The tortious interference claim rested on Walgreens' decision to block prescriptions by Dr. Morgan—a decision made pursuant to and compliant with the terms of its Settlement Agreement. DE:4 at21–24.

Dr. Morgan immediately moved for a temporary restraining order and preliminary injunction on an expedited basis (proceeding on the motion even before Walgreens could move to dismiss).  DE:10.  The district court granted the temporary restraining order and required Walgreens to respond to the request for the preliminary injunction.  DE:14.  Then, after allowing Walgreens to responded (DE:19) and holding a hearing (DE:21), the district court granted the preliminary injunction.  DE:25.

---

[1] While Dr. Morgan didn't attach the Settlement Agreement to his complaint, he did submit it to the district court as an exhibit to his  motion for a preliminary injunction. *See* DE:19-1.

Walgreens voluntarily dismissed its interlocutory appeal, which was docketed in this Court as *Courtney Morgan v. Walgreen Co.*, No 24-13087 (the Preliminary Injunction Appeal).

It did so because, while the Preliminary Injunction Appeal was pending, the district court dismissed Dr. Morgan's action for failure to join an indispensable party—the State of Florida. *See* DE:69 (the Dismissal Order). *See also* DE:50 (Walgreens' Motion to Dismiss); DE:61 (Dr. Morgan's Response); DE:63 (Walgreens' Reply). The district court concluded as follows:

> Considering all the factors set out in Rule 19(b), dismissal is appropriate under the present circumstances. Any consideration of the unjustified element of Plaintiff's claim will necessarily involve consideration of the Settlement Agreement, specifically Walgreen's rights and obligations under the Settlement Agreement. Any determination of Walgreen's obligations will have a direct impact on Florida's rights under the Settlement Agreement, thus, prejudicing Florida. There is no way to tailor the relief sought by Plaintiff without potentially affecting Florida's rights. Plaintiff does, however, have alternative forums in which to litigate this matter. Thus, the Court finds dismissal under Rules 12(b)(7) and 19 appropriate.

DE:69 at 11–12.

Dr. Morgan moved for reconsideration under Fed. R. Civ. P. 59(e). DE:70. In his motion for reconsideration, for the first time, he asserted an alternative/substitute claim under 42 U.S.C. § 1983, alleging Walgreens systematically blocked all of his controlled-substance prescriptions without basis. DE:70:5. Walgreens responded, opposing the belated proposal for asserting an alternative/substitute claim under Section 1983. DE:71. And Dr. Morgan replied. DE:72.

3

The district court denied reconsideration, finding that Dr. Morgan had belatedly proposed his possible Section 1983 violation claim, raising it for the first time in his Rule 59(e) motion, and the district court reiterated its earlier statement that there exists an alternative forum. DE:73.

This appeal followed. DE:74.[2]

## II.  STATEMENT OF THE FACTS.

### A.  The Settlement Agreement Between Walgreens and the State of Florida.

In 2022, Walgreens entered into a settlement agreement with the State of Florida to resolve the statewide opioid litigation initiated by the Florida Attorney General. DE:16-1 at 3. *See also* DE:19-1 at 9–12 (the Settlement Agreement). The action and the resulting Settlement Agreement sought to alleviate "harm to the health of Florida residents and to the State" allegedly caused by the improper "distribut[ion] and dispens[ing] [of] prescription opioid pain medication." DE:19-1 at 19.

To that end, the Settlement Agreement imposed injunctive relief that required Walgreens to implement a program for regularly monitoring and reviewing prescribing patterns and practices for potentially inappropriate prescribing, which the Settlement Agreement termed the "Controlled Substance Compliance Program" (the Program). DE:16-1:3. DE:19-1:14. Walgreens has implemented the Program and continues to honor its obligations under the Settlement Agreement. *Id*.

---

[2] Walgreens cross-appealed as a protective measure to preserve its opportunity for appeal of the preliminary injunction should Dr. Morgan prevail on his appeal of the dismissal order and the preliminary injunction were to be revived on remand. DE:75. That cross-appeal has been dismissed.

The Program includes a screening process designed to identify prescribers who require further investigation, which consists of referrals from pharmacists, analytics, and other similar methods. *Id.* If the screening process indicates further investigation is required, Walgreens will send a questionnaire to a prescriber. But if it cannot resolve the concerns raised by means of the questionnaire and further investigation, Walgreens has discretion to block the prescriber from its system, preventing the filling of any further controlled-substances prescriptions written by that prescriber at any Walgreens pharmacy. *Id*.

The Settlement Agreement reflected the State of Florida's position that the Program is "in the best interests of [the State of Florida] and all Subdivisions and Florida citizens and residents." DE:19-1 at 10.

## B. Walgreens' Process Under the Settlement Agreement, to Block Dr. Morgan's Prescriptions.

Walgreens initiated an investigation into Dr. Morgan upon receiving a pharmacist's referral, pursuant to and compliant with the Program. *Id.* On March 12, 2024, Walgreens sent Dr. Morgan a questionnaire via FedEx to the address listed for him with the Florida Department of Health. *Id*. After multiple delivery attempts, it was returned to the sender. *Id*. Here's what happened in the months that followed, in 2024.

- On March 26th, Walgreens attempted a second delivery to the same address; and again, multiple attempts were unsuccessful. *Id*.
- On April 4th, Walgreens emailed Dr. Morgan the questionnaire at the primary email address listed on the Florida Department of Health

Licensing website.  The email was not rejected.  And in the email, Walgreens requested a response to the questionnaire by no later than May 4th.  *Id*.

- On May 7th, having received no response, Walgreens granted Dr. Morgan an extension to answer the questionnaire.  *Id*.  Dr. Morgan did not respond.

- On June 12th, Walgreens convened its reviewers to consider Dr. Morgan's file.  *Id*.

- On June 18th, Walgreens sent the results of its investigation to the same address as before, the one Dr. Morgan had provided to the Florida Department of Health, notifying him that Walgreens had determined to block the filling of controlled substances at its pharmacies.  DE:16-1 at 4.

After all that, when Dr. Morgan contacted Walgreens by email requesting yet another opportunity to answer the questionnaire, Walgreens obliged and considered his belated submission, which Walgreens received on July 9th.  DE:16-1 at 4.

Then, on July 16th, after reviewing Dr. Morgan's responses to the questionnaire, Walgreens sent a final letter notifying him that his controlled substance prescriptions would be blocked at Walgreens' pharmacies effective August 16th.  DE:16-1 at 4.

### C.  Litigation Ensued Against Walgreens.

Dr. Morgan sued Walgreens for tortious interference damages and injunctive relief, invoking the district court's diversity jurisdiction.  DE:4 at 1, 21–29.  He acknowledged the Settlement Agreement between Walgreens and the State of Florida, *see* DE:4 at 17 ("In 2022, Walgreens also entered into an agreement with the State of Florida to pay $620 million over 18 years."), but did not name the State of Florida as a defendant.[3]

Walgreens moved to dismiss on several grounds under Rules 12(b)(6) and 12(b)(7), including failure to: (1) state a claim for tortious interference; (2) join the State of Florida as an indispensable party; and (3) exhaust administrative remedies.  DE:50.  Relevant here, Walgreens relied on a settlement between it and Florida for its indispensable party theory.  DE:50 at 13–15.  And, with Florida as a party, the district court would be divested of diversity jurisdiction.  DE:50 at 14–15.

Dr. Morgan opposed dismissal, principally arguing that Walgreens' reference to an extrinsic document—the Settlement Agreement, which he chose not to attach to his complaint—should be disregarded.  DE:61 at 9-10.  Alternatively, Dr. Morgan asked the district court to convert the motion to dismiss to a motion for summary judgment and allow him the opportunity to respond as such.  DE:61 at 10.  And, in a limited redress of the indispensable party argument, Dr. Morgan, asserted that the State of Florida had made no claim of interest so that any allegation of interest would be "speculative."  DE:61 at 11.

---

[3] Dr. Morgan didn't attach the Settlement Agreement to his complaint, but he filed it in support of his motion for a preliminary injunction.  DE:19-1.

7

### D.  The District Court's Indispensable Party Analysis.

The district court granted the motion to dismiss, clarifying that it considered the Settlement Agreement for the limited purpose of evaluating the indispensable party argument.  DE:69 at 6-7.  On that score, the district court explained that "[i]n order to determine whether Walgreen's alleged interference was 'unjustified,' as required for a claim of tortious interference with a business relationship, consideration of the Settlement Agreement and its terms will be required."  DE:69 at 10.  The district court explained its reasoning as follows:

> Any interpretation and application of the terms of the Settlement Agreement will necessarily affect Florida, the other signatory to the Settlement Agreement. Florida's absence from this case could impair or impede its ability to protect its rights and interest in the Settlement Agreement. Florida's absence will also subject Walgreen to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of its obligations under the Settlement Agreement. **Thus, Florida is an indispensable party to this matter.**

*Id.* (emphasis added).  The district court also ruled that "joining Florida as a party would defeat th[e] Court's diversity jurisdiction."  *Id*.

And having found Florida to be an indispensable party, the district court considered the requisite factors under Fed. R. Civ. P. 19(b), finding that they weighed in favor of dismissal.  DE:69:10–11.

### E.  Dr. Morgan Recast His Cause of Action—in his Rule 59(e) Motion.

Dr. Morgan returned to the district court on a motion for reconsideration under Rule 59(e), in which, *for the first time*, he requested leave to amend his complaint, suggesting a new claim.  DE:70.  *And see* DE:70-1 (his proposed second amended

8

complaint). He pivoted from the tortious interference claim originally pled (invoking the district court's diversity jurisdiction), and instead embraced a newly stated "federal claim against the Florida official (and Walgreens) under Section 1983 for systematically blocking all of his controlled-substance prescriptions without providing any basis for it." DE:70 at 5. *See also* DE:72 (Dr. Morgan's reply). Walgreens opposed the Rule 59(e) motion. *See* DE:71.

The district court denied Dr. Morgan's Rule 59(e) motion, *see* DE:73, focusing on the procedural bar, and waiver.

> Plaintiff's Complaint alleged diversity jurisdiction. Defendant's Motion to Dismiss argued that, if Florida were added as a party, diversity jurisdiction would be lost. Plaintiff, in his Opposition, did not argue that, if he were required to add Florida as a party, the Court would have federal question jurisdiction because Plaintiff would bring claims under § 1983. While Plaintiff's Opposition sought leave to amend his Amended Complaint if the Court granted the Motion to Dismiss, the Opposition did not address the loss of jurisdiction issue. Thus, Plaintiff failed to raise the jurisdiction issue previously. As set out above, a failure to raise an argument that was previously available but was not raised, is not a basis for a motion for reconsideration.

DE:73 at 3.

## STANDARD OF REVIEW

While the Court reviews questions of subject matter jurisdiction de novo, *SEC v. Mut. Benefits Corp.*, 408 F.3d 737, 741 (11th Cir. 2005), it "review[s] a district court's decision regarding indispensability of parties for abuse of discretion." *U.S. v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282, 1291 (11th Cir. 2005). "A district court abuses its discretion when, in reaching a decision, it applies an incorrect legal

standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

The Court likewise reviews the denial of a motion to reconsider for an abuse of discretion. *U.S. v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). *And see Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (explaining that Rule 59(e) reconsideration motions "cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised" previously); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.") (cleaned up). And, "[t]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994) (internal quotation marks and citation omitted).

If reviewed separate from the Rule 59(e) posture in which it presented, the Court will "review district court orders denying leave to amend a complaint for abuse of discretion," but of course "when the denial is based on a legal determination that amendment would be futile," the Court reverts to a de novo review. *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1097 (11th Cir. 2024) (internal quotation marks and citation omitted). *And see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (explaining that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal").

## SUMMARY OF ARGUMENT

Dr. Morgan raises four issues in his opening brief.

Several of the issues arise out of the district court's ruling on Dr. Morgan's 59(e) motion for reconsideration, carrying forward arguments the district court rejected as improperly raised. As the district court noted in its order denying reconsideration, "[t]he only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. DE:73 at 2 (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). Such motions cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). This prohibition includes new arguments that were "previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). So a waiver argument will feature here.

Several of the issues put forward arguments for the first time on appeal. And of course, the Court typically "will not address a claim that … is being raised for the first time on appeal, without any special conditions." *Access Now, Inc. v. Southwest Airlines Co*., 385 F.3d 1324, 1335 (11th Cir. 2004). *See also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1139, 1355 (11th Cir. 2013) (declining to address argument that was not raised in the district court and considering argument waived). There are no special conditions here.

## ARGUMENT

Dr. Morgan's four separate issues are largely repetitive, but for conformity are addressed individually.

### I. THE DISTRICT COURT CORRECTLY DISMISSED DR. MORGAN'S ACTION FOR FAILURE TO JOIN AN INDISPENSIBLE PARTY.

In his first issue raised on appeal, Dr. Morgan has argued that the State of Florida is not an indispensable party to his so-called "private, individualized challenge" to Walgreens' decision to block his prescriptions, so that the district court erred in dismissing his action, and his argument can be broken down into three elements:  (1) he isn't mentioned in the Settlement Agreement; (2) the State of Florida didn't seek to intervene; and (3) a similar lawsuit commenced and concluded in the southern district of Florida without requiring its addition as an indispensable party.  *See* Dr. Morgan's Opening Br. at 18-26.

### FAILURE OF PRESERVATION

We begin where the Court must begin, which is to point out the failure of preservation.

The first two elements were never raised below, and Dr.Morgan should not be heard to raise them for the first time on appeal.  *See Access Now, Inc.*, 385 F.3d at 1335; *Louis Vuitton Malletier,* 736 F.3d at 1355.

The third element also suffers from a different failure of preservation.  It was raised only  in his Rule 59(e) motion, and there in passing reference and without substantive point.  DE:70:2.  Only in his *reply* did Dr. Morgan make an appreciable

argument, referring to the Southern District of Florida case docketed as *BOF Med. Ctr., Inc. v. CVS Pharmacy, Inc.*, No. 23-cv-24438-GAYLES, 2024 U.S. Dist. LEXIS 78490 *1, 2024 WL 1908616 *1 (S.D. Fla. Apr. 30, 2024). DE:72 at 8. There are two preservation factors to consider. *First*, of course, Rule 59(e) reconsideration motions "cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised" previously. *See Michael Linet, Inc*, 408 F.3d at 763 (stating that Rule 59(e) motions "cannot be used to … raise arguments, or present evidence that could have been raised"). So it was an improper argument where made. And that's even crediting Dr. Morgan's cursory reference in his motion. If not, it's an argument raised for the first time in the reply, which means it was waived even under Rule 59(e). *Second*, if that weren't enough, the outcome of another district court case is not binding on the district court below, and it's certainly not binding on this court. *Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956, 965 (11th Cir. 2001).

## THE DISTRICT COURT'S RULE 19 ANALYSIS

Waiver aside, the district court conducted a proper Rule 19 analysis giving rise to the finding that the State of Florida is an indispensable party, thereon acknowledging that its joinder as a party would destroy diversity jurisdiction.

We begin the merits redress with a recitation of the Rule 19 analysis requirements:

> First, the court must determine whether the person in question should be joined. If the person should be joined, but for some reason cannot be, the court must analyze the factors outlined in Rule 19(b) to determine whether "in equity and good conscience the action should

13

> proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable."

*Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). Where an "absent party has an interest in the disposition of the current proceedings", they are necessary. *Id.* at "If a necessary party cannot be joined, the court must then proceed to Rule 19(b) and consider whether in 'equity and good conscience,' the suit should proceed without the necessary party. *Id.* at 848. The four factors to be balanced under Rule 19(b) include:

> (1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4) whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder.

*Id.*

Here, based on Dr. Morgan's own theory of the case for tortious interference, the district court would have to determine whether Walgreens was unjustified in its actions that resulted in the alleged interference. DE:69 at 9-10. And that determination *necessarily includes whether Walgreens was obligated to take the actions it took under the Settlement Agreement*, and therein lies the rub. The determination depends on an *interpretation and application of the terms of the Settlement Agreement*. And it is beyond peradventure that *interpretation and application of the terms of the Settlement Agreement **would necessarily affect the State of Florida as a signatory to the Agreement***. Moreover, as the district court appropriately recognized, Florida's absence from the litigation could impair or impede Florida's ability to protect its rights and interest in the Settlement

14

Agreement.  DE:69 at 10.  And not to mention, Florida's absence could likely subject Walgreens to a substantial risk of incurring "double, multiple, or otherwise inconsistent obligations because of its obligations under the Settlement Agreement." *Id*.

The district court's analysis under Rule 19(a)(1)'s required party provision and Rule 19(b)'s feasibility factors was not an abuse of that court's discretion.  *See, e.g., Santiago v. Honeywell Int'l, Inc*., 768 Fed. Appx. 1000, 1007 (11th Cir. 2019) (finding district court abused its discretion by not undertaking a complete Rule 19 analysis or by otherwise failing to adequately explain why non-party was an indispensable party).  Dr. Morgan's brief claims that Walgreens' block of his controlled substance prescriptions is within Walgreens' own discretion.  Dr. Morgan's Opening Br. at 21-22.  But that's not what the Settlement Agreement says.

The Settlement Agreement requires Walgreens to implement and follow a comprehensive "PRESCRIPTION VALIDATION PROCESS" for "dispensing a prescription for a Controlled Substance."  DE:19-1 at 6.  That process requires Walgreens to "develop a process by which it regularly reviews the prescribing patterns and practices of Prescribers of Designated Controlled Substances (the 'Prescriber Review Process')," which expressly requires Walgreens to review the "retail dispensing data for potential Prescribers of concern."  DE:19-1 at 8.  And if Walgreens has unresolved "concerns of illegitimate prescribing," the terms of the State's settlement agreement mandate that the "Controlled Substance prescriptions written by the Prescriber **shall be blocked** from being filled by the Settling

15

Pharmacy's retail pharmacies in the State of Florida[.]" *Id.* (emphasis added). That's not discretionary.

The Court should pay no heed to Dr. Morgan's sub-argument that jurisdiction was proper under Section 1983. Dr. Morgan's Opening Br. at 24-26. That argument suffers the same infirmity as some his other arguments: It was raised for the first time in his Rule 59(e) motion but could have been raised in opposition to the motion to dismiss. *See Stone*, 135 F.3d at 1442 (prohibiting Rule 59(e) arguments that were "previously available, but not pressed").

# # #

Dr. Morgan has provided the Court with no basis for reversing the district court's indispensable party ruling.

## II. THE DISTRICT COURT DENIED DR. MORGAN'S MOTION FOR RECONSIDERATION UNDER RULE 59(E) FOR FAILURE TO CONFORM, AND NEITHER WAIVER OF JURISDICTION NOR THE FORFEITURE DOCTRINE WERE IMPLICATED.

Dr. Morgan argues that it is entirely appropriate to employ a Rule 59(e) motion (a motion intended to bring to the court's attention newly discovered evidence  or a manifest error in law or fact) for the purpose of raising an entirely new claim—a new cause of action under Section 1983—to avoid the dismissal of his originally stated claim. *See* Dr. Morgan's Opening Br. at 26-29. And, he suggests that support for his proposition can be drawn from the well-established principal that subject matter jurisdiction can never be forfeited or waived, with its corollary that a district court has an independent obligation to determine whether

16

subject matter exists.  Dr. Morgan's Opening Br. at 26-27 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035 (11th Cir. 2008); and *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

He's ignoring the procedural posture in which he presented to the district court, and conflates his principles.

First, let's straighten out the procedural posture that gives twist.  He presented to the district court on a Rule 59(e) motion, arguing for the first time that he should be allowed to amend his complaint to state a different cause of action that might squeeze by the basis on which his stated cause of action was dismissed.  But the only grounds on which a party may move for reconsideration under Rule 59(e) are newly discovered evidence or manifest errors of law or fact.  *Arthur v. King*, 500 F.3d at 1343 .  Such a motion **cannot** be used "to relitigate old matters," or "raise argument or present evidence that could have been raised prior to the entry of judgment."  *Id.* (quotation omitted).  That's what he attempted.  For the first time in his Rule 59(e) motion Dr. Morgan suggested there was another cause of action, based on federal question jurisdiction, which action wouldn't be dismembered by the joinder of the State of Florida—and actually, it wasn't even developed until his reply.  Such misuse of Rule 59(e) was properly foreclosed.

17

Second, let's straighten out his reference to the unwaivable nature of subject matter jurisdiction and the forfeiture doctrine because Dr. Morgan seems to not only blur their distinction[4], but he also seems to invert their application.

There's no wavier of subject matter jurisdiction issue here. To be sure, as Dr. Morgan correctly points out, see Opening Br. At 26, a defendant's challenge to subject matter jurisdiction cannot be waived, and the district court has the independent obligation to consider subject matter jurisdiction at any time. But here, the district court did not make a ruling that a subject matter jurisdictional challenge had been waived. Rather, the district court made a ruling that Dr. Morgan failed to timely assert a claim over which there would be jurisdiction by his belated assertion of a new claim in his Rule 59(e) motion. The request of the district court, the denial of which is the subject of review on appeal, was (belatedly) for leave to file an amended complaint with an entirely new cause of action. The district court's ruling on the request by Dr. Morgan—that he waived the right to make such a request by not making it earlier—was not a refusal to consider subject matter jurisdiction. Which is why we say, Dr. Morgan conflates waiver of subject matter jurisdiction (which can't be waived, and can be raised at any time) with waiver of the right to amend your complaint (which can be waived, if requested belatedly, and of course

---

[4] Although often used interchangeably, forfeiture is the failure to make the timely assertion of a right, while waiver is the intentional relinquishment or abandonment of a known right." *Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004) (internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

rests within the district court's exercise of discretion).  The argument that subject matter jurisdiction cannot be waived is a misapprehended construct.

Similarly inapposite is the forfeiture doctrine.  Dr. Morgan doesn't really develop this doctrine, nor does he articulate an argument for its application, but his mere mention of it, see Opening Brief at 17, 26, warrants brief redress, at the risk of being repetitive.  The district court's refusal to entertain Dr. Morgan's Rule 59(e) motion as a vehicle for belatedly seeking leave to amend his complaint to add an entirely new cause of action (on a belatedly presented theory he could have and should have submitted earlier) rests on waiver having nothing to do with subject matter jurisdiction, but rather a pure exercise of discretion.  *See Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (stating that "[t]he function of a motion to alter or amend a judgment is not to serve as a vehicle to … present the case under a new legal theory … [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment").  *See also Garcon v. United Mut. of Omaha Ins. Co.*, 779 Fed. Appx. 595, 601 (11th Cir. 2019) ("It is not an abuse of discretion for the district court to deny a Rule 59(e) motion based on a new legal theory or arguments that should have been submitted prior to the initial judgment."); *U.S. v. Weisman*, 651 Fed. Appx. 858, 859 (11th Cir. 2016) (same).  There's no forfeiture in that, just a failure to comply with proper procedure, for which Dr. Morgan was held accountable by the district court in the exercise of its discretion.

#      #      #

19

You cannot amend your complaint to add a new cause of action any time, and certainly not in the constraints of a Rule 59(e) motion for reconsideration, and especially when the basis isn't even articulated until your reply. And attempts to rely on the principle that subject matter jurisdiction cannot be waived or unelaborated reference to the forfeiture doctrine are misapprehended.

**III. THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION IN DENYING DR. MORGAN'S REQUEST FOR LEAVE TO AMEND HIS COMPLAINT TO ASSERT AN ENTIRELY NEW CLAIM, MADE FOR THE FIRST TIME IN HIS RULE 59(e) MOTION FOR RECONSIDERATION.**

Not only did Dr. Morgan fail to seek leave to amend his complaint within the time provided by the court's Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge (DE:59), but he failed to articulate any good cause for his belatedly sought leave to amend. Indeed, there is a demonstrable "*lack* of diligence in pursuing [his] claim." *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). *And see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Yet, he presents on appeal to ask this Court to find the good cause, *see* Dr. Morgan's Opening Br. at 30-31, thereon to override the district court's proper exercise of discretion on the record presented. The Court should not countenance such an argument. Dr. Morgan did not below, and cannot on appeal, establish good cause under any analysis to support his belated request for leave to amend to add an entirely new claim thereby to overcome the district court's indispensable party analysis. DE:71 at 10.

20

This Court's opinion in *Sosa v. Airprint Sys.*, 133 F.3d 1417 (11th Cir. 1998), is instructive. There, as here, the appellant's brief did not address "good cause" under Rule 16(b) and, instead, focused exclusively on Rule 15(a)'s liberal amendment standard. *Id.* at 1419. The Court's analysis in *Sosa* aligns with the analysis this Court should apply here:

> If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a). If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.

> In light of Sosa's lack of diligence in protecting her rights, Sosa's attempt to add a defendant outside the time frame prescribed by the scheduling order was not supported by good cause. The district court thus did not abuse its discretion by denying as untimely Sosa's motion for leave to amend her complaint.

*Sosa*, 133 F.3d at 1419.

The district court acted properly and well within its discretion when it dismissed Dr. Morgan's action for failure to join the State of Florida as an indispensable party without allowing for leave to amend, for which relief Dr. Morgan argued for the first time in his motion for reconsideration and without any attempt to show good cause for the belated pursuit.

21

**IV. DR. MORGAN'S SUGGESTION *FOR THE FIRST TIME ON APPEAL* THAT THE DISTRICT COURT IMPROPERLY RELIED ON INCOMPLETE AND UNAUTHENTICATED SETTLEMENT AGREEMENT EXCERPTS IS WAIVED.**

Dr. Morgan's final argument quibbles with the completeness and authenticity of the Settlement Agreement.  Dr. Morgan's Opening Br. at 31-35.  At no point in the proceedings below, in which Dr. Morgan himself referred to Settlement Agreement excerpts, *see* DE:61 at 9, 11, 16, did he ever even suggest that the district court was traveling on an incomplete excerpt that wasn't authenticated.  He should not be heard to make that suggestion now.  *See Access Now, Inc.*, 385 F.3d at 1335; *Louis Vuitton Malletier*, 736 F.3d at 1355).  Nor has he shown how the excerpts might be read differently in context, which is to defeat his argument on the merits.

### CONCLUSION

The Court should affirm the final order of dismissal in all respects.

Elliot B. Kula
Florida Bar No. 03794
Elaine D. Walter, Esq.
Florida Bar No. 873381
KULA & ASSOCIATES, P.A.
120900 Biscayne Boulevard, Suite 221
Miami, Florida 33181
Phone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com
*Counsel for Defendant-Appellee Walgreen Co.*

By: /s/ Elliot B. Kula
Elliot B. Kula

By: /s/ Elaine D. Walter
Elaine D. Walter

22

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  This brief uses Times New Roman 14-point typeface and contains **5,496** words.

/s/ Elliot B. Kula
Elliot B. Kula

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20th, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.  I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Elliot B. Kula
Elliot B. Kula