IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 25-11887
DISTRICT COURT DOCKET NO. 0:24-cv-61442-RS

COURTNEY MORGAN,

*Plaintiff-Appellant*,

v.

WALGREEN CO.,

*Defendant-Appellee*.

APPELLEE WALGREEN CO.'S SUPPLEMENTAL APPENDIX

Elliot B. Kula
Elaine D. Walter
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 221
Miami, Florida 33181
Telephone:  (305) 354-3858
Facsimile:  (305) 354-3822
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com
*Counsel for Defendant-Appellee Walgreen Co.*

## INDEX TO APPENDIX

| DOCUMENT | PAGE |
|---|---|
| **TAB DS** District Court Docket | 1 |
| **TAB 16-1** Exhibits to Response in Opposition to Plaintiff's Expedited Motion Issuance of Temporary Restraining Order | 10 |
| **TAB 59** Order Setting Civil Trial Date, Pretrial Deadlines, and Referral to Magistrate Judge | 14 |
| **TAB 63** Defendant's Reply to Response to Motion to Dismiss with Prejudice | 17 |

Elliot B. Kula
Florida Bar No. 03794
Elaine D. Walter, Esq.
Florida Bar No. 873381
KULA & ASSOCIATES, P.A.
120900 Biscayne Boulevard, Suite 221
Miami, Florida 33181
Phone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com
*Counsel for Defendant-Appellee Walgreen Co.*

By: /s/ Elliot B. Kula
Elliot B. Kula

By: /s/ Elaine D. Walter
Elaine D. Walter

i

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Elliot B. Kula
Elliot B. Kula

# TAB DS

APPEAL,CLOSED,MEDREQ,PMH,RECOUT,REF_PTN

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
### CIVIL DOCKET FOR CASE #: 0:24-cv-61442-RS

Morgan v. Walgreen Co.
Assigned to: Judge Rodney Smith
Referred to: Magistrate Judge Patrick M. Hunt
Case in other court:  USCA, 24-13087-A
                    USCA, 25-11887-A
                    USCA, 25-11887-A
Cause: 28:1332 Diversity

Date Filed: 08/07/2024
Date Terminated: 02/19/2025
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Courtney Morgan**

represented by **Erica Faith Chaplin**
10380 SW Village Center Drive
Suite #156
Port St. Lucie, FL 34987
561-832-3386
Fax: 877-572-7087
Email: chaplinlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Ramon Anderson**
Kevin R. Anderson
500 South Australian Avenue
Sixth Floor
West Palm Beach, FL 33401
561-832-3386
Fax: (561) 820-4867
Email: andewelch@andersonandwelch.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Walgreen Co.**

represented by **David Michael Tarlow**
Quintairos, Prieto, Wood & Boyer, P.A.
One East Broward Blvd.
Suite 1400
Ft. Lauderdale, FL 33301
954-523-7008
Fax: 954-523-7009
Email: dtarlow@qpwblaw.com
*ATTORNEY TO BE NOTICED*

**Elliot Burt Kula**
Kula & Associates, P.A.
11900 Biscayne Blvd., Suite 310

Miami, FL 33181
305-354-3858-
Fax: 305-354-3822
Email: elliot@kulalegal.com
*ATTORNEY TO BE NOTICED*

**Tamara Savin Malvin**
Akerman LLP
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301
954-759-8960
Fax: 954-463-2224
Email: tamara.malvin@akerman.com
*TERMINATED: 10/17/2024*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/07/2024 | 1 | COMPLAINT against Walgreen Co.. Filing fees $ 405.00 receipt number AFLSDC-17740985, filed by Courtney Morgan. (Attachments: # 1 Exhibit 1-7, # 2 Civil Cover Sheet, # 3 Summon(s))(Chaplin, Erica) (Entered: 08/07/2024) |
| 08/07/2024 | 2 | Clerks Notice of Judge Assignment to Judge David S. Leibowitz. Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Panayotta Augustin-Birch is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. (ar24) (Entered: 08/08/2024) |
| 08/08/2024 | 3 | Summons Issued as to Walgreen Co.. (ar24) (Entered: 08/08/2024) |
| 08/08/2024 | 4 | First AMENDED COMPLAINT against Walgreen Co., filed by Courtney Morgan. (Attachments: # 1 Exhibit 1-7, # 2 Summon(s))(Chaplin, Erica) (Entered: 08/08/2024) |
| 08/09/2024 | 5 | NOTICE of Filing Proposed Summons(es) by Courtney Morgan re 4 Amended Complaint/Amended Notice of Removal filed by Courtney Morgan (Chaplin, Erica) (Entered: 08/09/2024) |
| 08/12/2024 | 6 | Summons Issued as to Walgreen Co. (pcs) (Entered: 08/12/2024) |
| 08/12/2024 | 7 | ORDER OF RECUSAL. Judge David S. Leibowitz recused. Case reassigned to Judge Rodney Smith for all further proceedings. Signed by Judge David S. Leibowitz on 8/9/2024. *See attached document for full details.* (yar) (Entered: 08/12/2024) |
| 08/12/2024 | 8 | SUMMONS (Affidavit) Returned Executed on 4 Amended Complaint/Amended Notice of Removal with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Courtney Morgan. Walgreen Co. served on 8/12/2024, response/answer due 9/3/2024. (Chaplin, Erica) (Entered: 08/12/2024) |
| 08/12/2024 | 9 | ORDER REQUIRING JOINT SCHEDULING REPORT, CERTIFICATES OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENTS. Joint Scheduling Report due by 9/9/2024 Signed by Judge Rodney Smith on 8/12/2024. *See attached document for full details.* (ebz) (Entered: 08/13/2024) |
| 08/13/2024 | 10 | Plaintiff's EXPEDITED MOTION Issuance of Temporary Restraining Order by Courtney Morgan. (Attachments: # 1 Exhibit 1-Letter dated June 18, 2024, # 2 Exhibit 2-Letter dated |

2

| | | |
|---|---|---|
| | | July 16, 2024, # 3 Exhibit 3-Florida Department of Health Inspection Report, # 4 Exhibit 4-Letter dated June 19, 2024, # 5 Exhibit 5-Affidavit in Support of Motion, # 6 Exhibit 6-Proposed Order Granting TRO, # 7 Exhibit 7-Proposed Order Setting Hearing)(Chaplin, Erica) (Entered: 08/13/2024) |
| 08/14/2024 | 11 | ORDER SETTING HEARING on Motion 10 Plaintiff's EXPEDITED MOTION Issuance of Temporary Restraining Order : Motion Hearing set for 8/15/2024 09:30 AM in Fort Lauderdale Division before Judge Rodney Smith. Signed by Judge Rodney Smith on 8/14/2024. *See attached document for full details.* (ebz) (Entered: 08/14/2024) |
| 08/14/2024 | 12 | NOTICE of Compliance by Courtney Morgan re 11 Order Setting Hearing on Motion, (Attachments: # 1 Exhibit 1 & 2 - Proof of Service; Emails Re Service) (Chaplin, Erica) (Entered: 08/14/2024) |
| 08/15/2024 | 13 | PAPERLESS Minute Entry for proceedings held before Judge Rodney Smith: Motion Hearing held on 8/15/2024, 9:30-10:10am re 10 Plaintiff's EXPEDITED MOTION Issuance of Temporary Restraining Order filed by Courtney Morgan. After hearing from the parties, the Court found plaintiff met its burden, TRO to be entered, Preliminary Injunction Hearing set for 8/22/24 at 1:30PM. Defense response due 8/19/24 12pm, reply due 8/20/24. Attorney Appearance(s): Erica Faith Chaplin, (Plaintiff's Counsel), Tamara Malvin(Defense Counsel) Court Reporter: Glenda Powers, 305-523-5022 / Glenda_Powers@flsd.uscourts.gov. (pm) (Entered: 08/15/2024) |
| 08/15/2024 | 14 | ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER re 10 Expedited Motion. Responses due by 8/19/2024. Replies due by 8/20/2024. Motion Hearing set for 8/22/2024 01:30 PM in Fort Lauderdale Division before Judge Rodney Smith. Signed by Judge Rodney Smith on 8/15/2024. *See attached document for full details.* (ebz) (Entered: 08/15/2024) |
| 08/15/2024 | 23 | Surety Bond BOND in the amount of $100.00 receipt # 18864 posted by Courtney Morgan Approved by Judge Rodney Smith. (Per Order DE#14) (drz) (Entered: 08/22/2024) |
| 08/16/2024 | 15 | NOTICE of Attorney Appearance by Tamara Savin Malvin on behalf of Walgreen Co.. Attorney Tamara Savin Malvin added to party Walgreen Co.(pty:dft). (Malvin, Tamara) (Entered: 08/16/2024) |
| 08/19/2024 | 16 | RESPONSE in Opposition re 10 Plaintiff's EXPEDITED MOTION Issuance of Temporary Restraining Order filed by Walgreen Co.. Replies due by 8/26/2024. (Attachments: # 1 Exhibit 1 - Declaration)(Malvin, Tamara) (Entered: 08/19/2024) |
| 08/20/2024 | 17 | Unopposed MOTION for Extension of Time to File Reply to Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction by Courtney Morgan. Responses due by 9/3/2024. (Attachments: # 1 Exhibit 1-August 15, 2024, Hearing Excerpt)(Chaplin, Erica) (Entered: 08/20/2024) |
| 08/20/2024 | 18 | PAPERLESS ORDER granting 17 Plaintiff's Unopposed Motion for Extension of Time to Reply to Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction. Plaintiff shall file his reply by **August 21, 2024 at noon**. Signed by Judge Rodney Smith on 8/20/2024. (cbn) (Entered: 08/20/2024) |
| 08/21/2024 | 19 | Plaintiff's REPLY to Response to Motion re 10 Plaintiff's EXPEDITED MOTION Issuance of Temporary Restraining Order filed by Courtney Morgan. (Attachments: # 1 Exhibit 1-6) (Chaplin, Erica) (Entered: 08/21/2024) |
| 08/22/2024 | 20 | TRANSCRIPT of Joint Motion to Dismiss Amended Complaint held on August 15, 2024 before Judge Rodney Smith, 1 - 31 pages, Court Reporter: Glenda Powers, 305-523-5022 / Glenda_Powers@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release |

3

| | | of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/12/2024. Redacted Transcript Deadline set for 9/23/2024. Release of Transcript Restriction set for 11/20/2024. (gps) (Entered: 08/22/2024) |
|---|---|---|
| 08/22/2024 | 21 | Corrected Transcript and Notice of Correction of HEARING ON EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER held on August 15, 2024 before Judge Rodney Smith, 1 - 31 pages, re: 20 Transcript,, Court Reporter: Glenda Powers, 305-523-5022 / Glenda_Powers@flsd.uscourts.gov. (gps) (Entered: 08/22/2024) |
| 08/22/2024 | 22 | Plaintiff's MOTION Motion for Judicial Notice by Courtney Morgan. (Chaplin, Erica) (Entered: 08/22/2024) |
| 08/22/2024 | 24 | PAPERLESS Minute Entry for proceedings held before Judge Rodney Smith: **Evidentiary** Motion Hearing held on 8/22/2024, 1:30-2:30pm/3-3:15pm. The Court heard testimony from plaintiff witnesses, Mitchell Epstein, Christopher Roberts, Courtney Morgan, and argument from counsel, thereafter the Court found plaintiff had met its burden, and the preliminary injunction to be issued, counsel for plaintiff to submit proposed order. Attorney Appearance(s): Erica Faith Chaplin, Tamara Savin Malvin, Court Reporter: Ellen Rassie, 954-769-5448 / ellen_rassie@flsd.uscourts.gov. (pm) (Entered: 08/22/2024) |
| 08/23/2024 | 25 | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION re DE 10 Motion. Signed by Judge Rodney Smith on 8/23/2024. *See attached document for full details.* (ebz) (Entered: 08/26/2024) |
| 08/28/2024 | 26 | Unopposed MOTION for Extension of Time to Respond to Plaintiff's Amended Complaint re 4 Amended Complaint/Amended Notice of Removal by Walgreen Co.. Responses due by 9/11/2024. (Attachments: # 1 Text of Proposed Order)(Malvin, Tamara) (Entered: 08/28/2024) |
| 08/29/2024 | 27 | PAPERLESS ORDER granting 26 Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint. Defendant shall file its response by **October 4, 2024**. No further extensions will be granted absent extraordinary circumstances. Signed by Judge Rodney Smith on 8/29/2024. (cbn) (Entered: 08/29/2024) |
| 08/29/2024 | | Set/Reset Response/Answer Due Deadline: Walgreen Co. response/answer due 10/4/2024. Per DE 27 Order (ebz) (Entered: 08/29/2024) |
| 09/16/2024 | 28 | ORDER REQUIRING JOINT SCHEDULING REPORT. Joint Scheduling Report due by 9/23/2024 Signed by Judge Rodney Smith on 9/16/2024. *See attached document for full details.* (ebz) (Entered: 09/16/2024) |
| 09/20/2024 | 29 | Notice of Interlocutory Appeal *pursuant to 28 U.S.C § 1292(a)(1)* as to 25 Preliminary Injunction by Walgreen Co.. Filing fee $ 605.00 receipt number AFLSDC-17849953. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (Attachments: # 1 Exhibit)(Kula, Elliot) (Entered: 09/20/2024) |
| 09/20/2024 | 30 | NOTICE of Attorney Appearance by Elliot Burt Kula on behalf of Walgreen Co.. Attorney Elliot Burt Kula added to party Walgreen Co.(pty:dft). (Kula, Elliot) (Entered: 09/20/2024) |
| 09/20/2024 | | Transmission of Notice of Appeal, Preliminary Injunction under appeal, and Docket Sheet to US Court of Appeals re 29 Notice of Interlocutory Appeal, Notice has been electronically mailed. (apz) (Entered: 09/20/2024) |
| 09/20/2024 | 31 | STIPULATION *For Substitution of Counsel* by Walgreen Co. (Tarlow, David) (Entered: 09/20/2024) |

4

| | | |
|---|---|---|
| 09/24/2024 | 32 | Acknowledgment of Receipt of NOA from USCA re 29 Notice of Interlocutory Appeal, filed by Walgreen Co. Date received by USCA: 9/20/2024. USCA Case Number: 24-13087-A. (apz) (Entered: 09/24/2024) |
| 09/27/2024 | 33 | Defendant's Corporate Disclosure Statement by Walgreen Co. (Tarlow, David) (Entered: 09/27/2024) |
| 09/27/2024 | 34 | Clerk's Notice to Filer re 33 Certificate of Other Affiliates/Corporate Disclosure Statement. **Other Affiliates/Corporate Parents Not Entered**; ERROR - The Filer failed to enter all Other Affiliates/Corporate Parents from the Certificate of Other Affiliates/Corporate Disclosure Statement. Filer is instructed to refile their Certificate of Other Affiliates/Corporate Disclosure Statement and enter the missing Other Affiliates/Corp Parents. Note - Other Affiliates/Corporate Parents do not appear on the docket sheet. (ebz) (Entered: 09/27/2024) |
| 09/27/2024 | 35 | Defendant's Certificate of Other Affiliates/Corporate Disclosure Statement by Walgreen Co. identifying Corporate Parent Walgreen Boots Alliance, Other Affiliate State of Florida - Attorney General's Office - Florida Board Pharmacy- Florida Department of Health for Walgreen Co. (Tarlow, David) (Entered: 09/27/2024) |
| 10/01/2024 | 36 | VACATED. ORDER OF DISMISSAL WITHOUT PREJUDICE. Closing Case. *(Without Prejudice)* Motions terminated: 22 Plaintiff's MOTION Motion for Judicial Notice filed by Courtney Morgan. Signed by Judge Rodney Smith on 10/1/2024. *See attached document for full details.* (amb) Modified per DE 48 Order on 10/16/2024 (ebz). (Entered: 10/01/2024) |
| 10/08/2024 | 37 | NOTICE of Change of Email; by Erica Faith Chaplin (Chaplin, Erica) (Entered: 10/08/2024) |
| 10/09/2024 | 38 | Plaintiff's Certificate of Other Affiliates *Interested Parties and Corporate Disclosures* by Courtney Morgan (Chaplin, Erica) (Entered: 10/09/2024) |
| 10/09/2024 | 39 | Clerk's Notice to Filer re 38 Certificate of Other Affiliates/Corporate Disclosure Statement. **Other Affiliates/Corporate Parents Not Entered**; ERROR - The Filer failed to enter all Other Affiliates/Corporate Parents from the Certificate of Other Affiliates/Corporate Disclosure Statement. Filer is instructed to refile their Certificate of Other Affiliates/Corporate Disclosure Statement and enter the missing Other Affiliates/Corp Parents. Note - Other Affiliates/Corporate Parents do not appear on the docket sheet. (ebz) (Entered: 10/09/2024) |
| 10/10/2024 | 40 | Plaintiff's Certificate of Other Affiliates/Corporate Disclosure Statement by Courtney Morgan (Chaplin, Erica) (Entered: 10/10/2024) |
| 10/10/2024 | 41 | Plaintiff's EMERGENCY MOTION with Certification of Emergency included by Courtney Morgan. Responses due by 10/24/2024. (Attachments: # 1 Exhibit 1, 2 and 3 (DE 38, Ltr to Dr. Morgan from Walgreens, DE 37))(Chaplin, Erica) (Entered: 10/10/2024) |
| 10/11/2024 | 42 | Plaintiff's NOTICE *of Filing Proposed Order* by Courtney Morgan re 41 Plaintiff's EMERGENCY MOTION with Certification of Emergency included (Attachments: # 1 Text of Proposed Order Granting Plaintiff's Emergency Motion to Vacate Order of Dismissal) (Chaplin, Erica) (Entered: 10/11/2024) |
| 10/11/2024 | 43 | ORDER SETTING HEARING on Motion re 41 Plaintiff's EMERGENCY MOTION with Certification of Emergency included :( Motion Hearing set for 10/15/2024 11:30 AM in Fort Lauderdale Division before Judge Rodney Smith.), ( Responses due by 10/14/2024.) Signed by Judge Rodney Smith on 10/11/2024. *See attached document for full details.* (ebz) (Entered: 10/11/2024) |

5

| 10/14/2024 | 44 | RESPONSE in Opposition re 41 Plaintiff's EMERGENCY MOTION with Certification of Emergency included filed by Walgreen Co.. Replies due by 10/21/2024. (Attachments: # 1 Exhibit Walgreens Multistate Agreement)(Tarlow, David) (Entered: 10/14/2024) |
| 10/14/2024 | 45 | NOTICE of Attorney Appearance by Kevin Ramon Anderson on behalf of Courtney Morgan. Attorney Kevin Ramon Anderson added to party Courtney Morgan(pty:pla). (Anderson, Kevin) (Entered: 10/14/2024) |
| 10/15/2024 | 46 | ORDER REQUIRING JOINT SCHEDULING REPORT, CERTIFICATES OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENTS. Joint Scheduling Report due by 10/31/2024. Signed by Judge Rodney Smith on 10/15/2024. *See attached document for full details.* (ebz) (Entered: 10/15/2024) |
| 10/15/2024 | 47 | PAPERLESS Minute Entry for proceedings held before Judge Rodney Smith: Motion Hearing held on 10/15/2024, 11:30-12pm re 41 Plaintiff's EMERGENCY MOTION with Certification of Emergency included filed by Courtney Morgan. After hearing from the parties, the Court granted the motion. Order to follow. Attorney Appearance(s): Kevin Ramon Anderson, Erica Faith Chaplin, Robert Cousins Court Reporter: Ellen Rassie, 954-769-5448 / ellen_rassie@flsd.uscourts.gov. (pm) (Entered: 10/15/2024) |
| 10/16/2024 | 48 | ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO VACATE ORDER OF DISMISSAL re 41 Plaintiff's EMERGENCY MOTION to Vacate Order of Dismissal filed by Courtney Morgan. The Court's Order of Dismissal without Prejudice DE 36 is VACATED. The Clerk is directed to REOPEN this case. Signed by Judge Rodney Smith on 10/16/2024. *See attached document for full details.* (ebz) (Entered: 10/16/2024) |
| 10/16/2024 | 49 | TRANSCRIPT ORDER FORM filed by Walgreen Co. re 29 Notice of Interlocutory Appeal,, filed by Walgreen Co.. No Transcript Requested. (Kula, Elliot) (Entered: 10/16/2024) |
| 10/16/2024 | 50 | Defendant's MOTION to Dismiss with Prejudice 4 Amended Complaint/Amended Notice of Removal by Walgreen Co.. Responses due by 10/30/2024. (Attachments: # 1 Exhibit Walgreens Multistate Agreement)(Tarlow, David) (Entered: 10/16/2024) |
| 10/16/2024 | 51 | Unopposed MOTION to Withdraw as Attorney by Tamara S. Malvin for / by Walgreen Co.. Responses due by 10/30/2024. (Attachments: # 1 Text of Proposed Order)(Malvin, Tamara) (Entered: 10/16/2024) |
| 10/17/2024 | 52 | ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL re 51 Motion to Withdraw as Attorney. Tamara Savin Malvin representing Walgreen Co. (Defendant) withdrawn from case. Signed by Judge Rodney Smith on 10/17/2024. *See attached document for full details.* (ebz) (Entered: 10/17/2024) |
| 10/27/2024 | 53 | STRICKEN. Joint SCHEDULING REPORT - **Rule 26(f)** by Courtney Morgan (Chaplin, Erica) Modified per DE 58 Notice of Striking on 10/29/2024 (ebz). (Entered: 10/27/2024) |
| 10/27/2024 | 54 | NOTICE *of Filing Proposed Scheduling Order* by Courtney Morgan re 46 Order Requiring Joint Scheduling Report, (Attachments: # 1 Text of Proposed Order) (Chaplin, Erica) (Entered: 10/27/2024) |
| 10/27/2024 | 55 | Joint SCHEDULING REPORT - **Rule 26(f)** by Courtney Morgan (Chaplin, Erica) (Entered: 10/27/2024) |
| 10/28/2024 | 56 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 50 Defendant's MOTION to Dismiss with Prejudice 4 Amended Complaint/Amended Notice of Removal by Courtney Morgan. (Attachments: # 1 Text of Proposed Order)(Chaplin, Erica) (Entered: 10/28/2024) |

6

| 10/28/2024 | 57 | PAPERLESS ORDER granting 56 Plaintiff's Unopposed Motion to Extend Time to Respond to Defendant's Motion to Dismiss Amended Complaint. Plaintiff shall file his response by **November 6, 2024**. Signed by Judge Rodney Smith on 10/28/2024. (cbn) (Entered: 10/28/2024) |
|---|---|---|
| 10/29/2024 | 58 | NOTICE of Striking 53 SCHEDULING REPORT - Rule 26(f)/16.1 filed by Courtney Morgan by Courtney Morgan (Chaplin, Erica) (Entered: 10/29/2024) |
| 11/01/2024 | 59 | ORDER SETTING CIVIL TRIAL DATE, PRETRIAL DEADLINES, AND REFERRAL TO MAGISTRATE JUDGE: ( Jury Trial set for 1/12/2026 09:00 AM in Fort Lauderdale Division before Judge Rodney Smith, Calendar Call set for 1/6/2026 09:00 AM in Fort Lauderdale Division before Judge Rodney Smith, Amended Pleadings due by 12/2/2024, Expert Discovery due by 6/30/2025, Fact Discovery due by 7/8/2025, Joinder of Parties due by 12/2/2024, In Limine Motions due by 12/5/2025, Dispositive Motions due by 8/4/2025, Motions due by 12/5/2025, Pretrial Stipulation due by 12/5/2025.), ORDER REFERRING CASE to Mediation. Mediation Deadline 7/18/2025. Signed by Judge Rodney Smith on 11/1/2024. *See attached document for full details.* (ebz)<br><br>**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. Modified date filed on 11/4/2024 (ebz). (Entered: 11/04/2024) |
| 11/01/2024 | 60 | ORDER REFERRING CASE TO MEDIATION. Mediation Deadline 7/18/2025. Signed by Judge Rodney Smith on 11/1/2024. *See attached document for full details.* (ebz) (Entered: 11/04/2024) |
| 11/01/2024 | | Magistrate Judge Patrick M. Hunt added. Per DE 59 Order. (ebz) (Entered: 11/05/2024) |
| 11/06/2024 | 61 | RESPONSE to Motion re 50 Defendant's MOTION to Dismiss with Prejudice 4 Amended Complaint/Amended Notice of Removal filed by Courtney Morgan. Replies due by 11/13/2024. (Chaplin, Erica) (Entered: 11/06/2024) |
| 11/13/2024 | 62 | GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES. Signed by Magistrate Judge Patrick M. Hunt on 11/13/2024. *See attached document for full details.* (mhr) (Entered: 11/13/2024) |
| 11/13/2024 | 63 | Defendant's REPLY to Response to Motion re 50 Defendant's MOTION to Dismiss with Prejudice 4 Amended Complaint/Amended Notice of Removal filed by Walgreen Co.. (Tarlow, David) (Entered: 11/13/2024) |
| 12/02/2024 | 64 | TRANSCRIPT of hearing held on 08/22/2024 before Judge Rodney Smith, 1-51 pages, Court Reporter: Ellen Rassie, 954-769-5448 / ellen_rassie@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/23/2024. Redacted Transcript Deadline set for 1/2/2025. Release of Transcript Restriction set for 3/3/2025. (Rassie, Ellen) (Entered: 12/02/2024) |
| 12/16/2024 | 65 | Joint NOTICE *of Selection of Mediator* by Courtney Morgan re 60 Order Referring Case to Mediation (Chaplin, Erica) (Entered: 12/16/2024) |
| 12/16/2024 | 66 | Clerk's Notice to Filer re 65 Notice (Other). **Parties/Mediator Not Added**; ERROR - The Filer failed to add all parties from the complaint/petition/removal, etc. or the mediator. Filer is instructed to file a Notice of Entry of Parties Listed into CM/ECF and add the additional parties/mediator. **Wrong Event Selected**; ERROR - The Filer selected the wrong event. (ebz) (Entered: 12/16/2024) |

7

| 12/17/2024 | 67 | Notice of Entry of Parties Listed on 66 Clerk's Notice of Docket Correction and Instruction to Filer - Attorney, into CM/ECF. NOTE: New Filer(s) will appear twice, since they are also a new party in the case. New Filer(s)/Party(s): Glenn J. Waldman. (Chaplin, Erica) (Entered: 12/17/2024) |
|---|---|---|
| 01/21/2025 | 68 | Pursuant to 11th Cir. R. 11-2 and 11th Cir. R. 11-3, the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 29 Notice of Interlocutory Appeal, Appeal No. 24-13087-AA. The entire record on appeal is available electronically. (apz) (Entered: 01/21/2025) |
| 02/19/2025 | 69 | ORDER GRANTING MOTION TO DISMISS re 50 Motion to Dismiss. All pending motions are DENIED as moot. This case is CLOSED. Signed by Judge Rodney Smith on 2/19/2025. *See attached document for full details.* (ebz) (Entered: 02/20/2025) |
| 03/20/2025 | 70 | Plaintiff's MOTION for Reconsideration re 69 Order on Motion to Dismiss by Courtney Morgan. (Attachments: # 1 Exhibit A - Proposed Second Amended Complaint, # 2 Text of Proposed Order)(Chaplin, Erica) (Entered: 03/20/2025) |
| 04/04/2025 | 71 | RESPONSE in Opposition re 70 Plaintiff's MOTION for Reconsideration re 69 Order on Motion to Dismiss filed by Walgreen Co.. Replies due by 4/11/2025. (Attachments: # 1 Exhibit A - Criminal Charge, # 2 Exhibit B - Civil Lawsuit, # 3 Exhibit C- Music Videos) (Tarlow, David) (Entered: 04/04/2025) |
| 04/11/2025 | 72 | Plaintiff's REPLY in Support of Motion re 70 Plaintiff's MOTION for Reconsideration re 69 Order on Motion to Dismiss . filed by Courtney Morgan. (Attachments: # 1 Exhibit 1 - Images)(Chaplin, Erica) (Entered: 04/11/2025) |
| 05/05/2025 | 73 | ORDER denying 70 Motion for Reconsideration. Signed by Judge Rodney Smith on 5/5/2025. *See attached document for full details.* (amb) (Entered: 05/05/2025) |
| 06/03/2025 | 74 | Notice of Appeal as to 73 Order on Motion for Reconsideration, 69 Order on Motion to Dismiss by Courtney Morgan. Filing fee $ 605.00 receipt number AFLSDC-18501144. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (Chaplin, Erica) (Entered: 06/03/2025) |
| 06/04/2025 | | Transmission of Notice of Appeal, Orders under appeal, and Docket Sheet to US Court of Appeals re 74 Notice of Appeal, Notice has been electronically mailed. (apz) (Entered: 06/04/2025) |
| 06/04/2025 | 75 | Notice of Cross Appeal *by Walgreen Co.* as to 73 Order on Motion for Reconsideration, 69 Order on Motion to Dismiss by Walgreen Co.. Filing fee $ 605.00 receipt number AFLSDC-18505312. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (Kula, Elliot) (Entered: 06/04/2025) |
| 06/04/2025 | | Transmission of Notice of Cross Appeal, Orders under appeal, and Docket Sheet to US Court of Appeals re 75 Notice of Cross Appeal, Notice has been electronically mailed. (apz) (Entered: 06/04/2025) |
| 06/04/2025 | 76 | Acknowledgment of Receipt of NOA from USCA re 74 Notice of Appeal, filed by Courtney Morgan. Date received by USCA: 6/4/2025. USCA Case Number: 25-11887-A. (apz) (Entered: 06/04/2025) |

8

| | | |
|---|---|---|
| 06/05/2025 | 77 | Acknowledgment of Receipt of NOA from USCA re 75 Notice of Cross Appeal, filed by Walgreen Co.. Date received by USCA: 06/04/2025. USCA Case Number: 25-11887-A. (jgo) (Entered: 06/05/2025) |
| 07/01/2025 | 78 | TRANSCRIPT ORDER FORM filed by Courtney Morgan re 74 Notice of Appeal,, filed by Courtney Morgan. No Transcript Requested. (Chaplin, Erica) (Entered: 07/01/2025) |
| 07/01/2025 | 79 | ORDER of DISMISSAL from USCA. Appellant's motion to voluntarily dismiss this appeal as moot is GRANTED. This appeal is DISMISSED re 29 Notice of Interlocutory Appeal, filed by Walgreen Co. USCA #24-13087-AA. (apz) Modified text on 7/1/2025 (apz). (Entered: 07/01/2025) |
| 07/01/2025 | 80 | TRANSCRIPT ORDER FORM filed by Walgreen Co. re 75 Notice of Cross Appeal,, filed by Walgreen Co.. No Transcript Requested. (Kula, Elliot) (Entered: 07/01/2025) |
| 10/07/2025 | 81 | Pursuant to 11th Cir. R. 11-2 and 11th Cir. R. 11-3, the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 75 Notice of Cross Appeal, 74 Notice of Appeal, Appeal No. 25-11887-EE. The entire record on appeal is available electronically. (apz) (Entered: 10/07/2025) |
| 10/10/2025 | 82 | Certified and Transmitted Electronic Record on Appeal to US Court of Appeals re 75 Notice of Cross Appeal, 74 Notice of Appeal. USCA #25-11887-EE. (apz) (Entered: 10/10/2025) |
| 02/18/2026 | 83 | ORDER of DISMISSAL from USCA (only DE 75 Cross Appeal). We lack jurisdiction over the defendant's cross-appeal, both because it is moot and because the defendant lacks standing. Accordingly, the cross-appeal is DISMISSED. Morgan's appeal may proceed re 75 Notice of Cross Appeal, filed by Walgreen Co. USCA #25-11887-EE. (apz) (Entered: 02/19/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/20/2026 10:37:09 | | | |
| **PACER Login:** | edwalter | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 0:24-cv-61442-RS |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

9

# TAB 16-1

Exhibit 1

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:24-cv-61442-RS

COURTNEY MORGAN,

      Plaintiff,

v.

WALGREEN CO.,

      Defendant.

_____ /

## DECLARATION OF ALEXANDER COSIMANO IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DE 10]

**ALEXANDER COSIMANO** declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.    My name is Alexander Cosimano. I am over twenty-one years of age and competent to testify to the statements set forth in this Declaration. I am a citizen of the United States. I make this Declaration based on my own personal knowledge obtained through the course of my employment with Walgreen Co. ("Walgreens"), as its Pharmacy Manager on Special Assignment, Pharmaceutical Integrity. This Declaration is submitted in support of Walgreens' Opposition to Plaintiff's Expedited Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") filed in the above-captioned lawsuit.

2.    I am familiar with the allegations and claims asserted by the Plaintiff in this case and with the relief requested in the Motion.

3.    Walgreens operates a pharmacy store chain in Florida and throughout the United States, which among other things, fills prescriptions for controlled and non-controlled substances.

4.    In Florida, Walgreens pharmacies are licensed and regulated by the Florida

11

Department of Health, and more specifically by its Board of Pharmacy.

5.    Walgreens is party to the opioid litigation Settlement Agreement with the State of Florida from 2022.

6.    A requirement of the Settlement Agreement is that Walgreens implement a program to regularly review prescribing patterns and practices of prescribers for potentially inappropriate prescribing. Walgreens has implemented such a program.

7.    The program uses referrals from pharmacists, analytics and other methods to identify prescribers who require further investigation. At times, Walgreens will send a questionnaire to a prescriber as an attempt to resolve its concerns. If, upon investigation, Walgreens cannot resolve the concerns raised, Walgreens in its discretion blocks the prescriber such that a Walgreens pharmacy will no longer fill controlled-substances prescriptions from that prescriber.

8.    A referral from a pharmacist identified Plaintiff for further investigation.

9.    On March 12, 2024, the first questionnaire was sent to Plaintiff via FedEx to the address listed for Plaintiff on the Department of Health Practitioner Profile. FedEx attempted delivery multiple times during business hours on different days. It was returned to sender. Walgreens attempted a second time on March 26, 2024, to deliver the questionnaire at the same address. Again, multiple attempts during business hours resulted in the mail being returned to sender.

10.    Walgreens then emailed Plaintiff the questionnaire on April 4, 2024, to Plaintiff's primary email address listed on the Florida Department of Health Licensing website: crm326@gmail.com. The email was not rejected nor automatically kicked back. The email provided a response due date of May 4, 2024. Walgreens received no answer.

11.    On May 7, 2024, Walgreens sent Plaintiff an email providing an extension to answer. Walgreens received no answer.

12.    On June 12, 2024, the reviewers met to review Plaintiff's file.

12

13.     On June 18, 2024, Walgreens sent Plaintiff a letter via FedEx notifying him of Walgreens' decision to block him as a prescriber at their pharmacies. This letter was sent to the same address as the previously returned letters.

14.     On June 20, 2024, Plaintiff contacted Walgreens by email to state that he was in receipt of the letter and that he wanted an opportunity to answer the questionnaire. On June 21, 2024, Walgreens told Plaintiff it would allow the late submission and review it.

15.     On July 9, 2024, Walgreens confirmed receipt of the submission made by Plaintiff. Though Plaintiff corresponded from the email address hopmedicalservicesfl@gmail.com, the attachments provided by Plaintiff in support of his case listed crm326@gmail.com as the primary email address.

16.     On July 10, 2024, Walgreens reviewed Plaintiff's file again, including his responsive information. Walgreens decided not to reverse its decision.

17.     On July 16, 2024, Walgreens sent a letter to Plaintiff confirming he would be blocked as of August 16, 2024. Upon information and belief, Plaintiff received the letter on July 17, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of August, 2024.

ALEXANDER COSIMANO

13

# TAB 59

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-61442-CIV-SMITH**

COURTNEY MORGAN, M.D.,

       Plaintiff,

v.

WALGREEN CO.,

       Defendant.

_____/

**ORDER SETTING CIVIL TRIAL DATE,**
**PRETRIAL DEADLINES, AND REFERRAL TO MAGISTRATE JUDGE**

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **January 12, 2026, at 9:00 a.m.** in Courtroom 207A, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301. If the case cannot be tried during the two-week period, it will be re-set for each successive trial calendar until it is tried or resolved. The **Calendar Call** will be held at **9:00 a.m. on January 6, 2026,** in Courtroom 207A, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301. The parties shall adhere to the following schedule:

1. Joinder of any additional parties and filing of motion to amend the pleadings by     **December 2, 2024**

2. Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by     **December 16, 2024**

3. Plaintiffs shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by     **April 11, 2025**

4. Defendant(s) shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by     **May 12, 2025**

5. Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by     **May 27, 2025**

14

6.  Written lists containing the names and addresses of all fact
    witnesses, including rebuttal witnesses, intended to be called at trial
    by                                                                                          **May 30, 2025**

7.  Fact discovery shall be completed by                                                        **July 8, 2025**

8.  Expert discovery shall be completed by[1]                                                   **June 30, 2025**

9.  Mediation shall be completed by                                                             **July 18, 2025**

10. Dispositive motions, including summary judgment and *Daubert*,
    shall be filed by                                                                           **August 4, 2025**

11. Deposition designations and counter designations shall be filed by     **September 29, 2025**

    The parties shall meet and confer prior to submitting the deposition
    designations and counter-designations in a good faith effort to resolve
    objections.  Failure to comply with the deadline and the meet and
    confer may result in objections being stricken or other appropriate
    sanctions.

12. All pretrial motions and memoranda of law, including motions *in
    limine* and trial briefs, shall be filed by                                                 **December 5, 2025**

    Prior to filing any motions *in limine*, the parties shall meet and confer
    in a good faith effort to resolve any issues.  If a party has multiple
    motions *in limine*, they shall be filed as a single omnibus motion.  All
    motions *in limine* and the responses shall be limited to one page per
    issue.  No replies shall be permitted.

13. Joint pretrial stipulation, proposed joint jury instructions, proposed
    joint verdict form, and/or proposed findings of fact and conclusions
    of law shall be filed by                                                                     **December 5, 2025**

    When the parties cannot agree on specific jury instructions, the
    submitted instructions shall clearly indicate which party has proposed
    the specific instruction.

---

[1] The parties by agreement, and/or the Magistrate Judge assigned in this case, may extend the fact
and expert discovery deadlines, so long as such extension does not impact any of the other
deadlines contained in this Scheduling Order.

15

## REFERRAL TO MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 1 of the Magistrate Rules of the Southern District of Florida, all motions for attorney's fees, costs, and sanctions, plus all non-dispositive pretrial motions (PTN) are **REFERRED t**o Magistrate Judge Hunt for appropriate resolution.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of November, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record

16

# TAB 63

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61442-CIV-SMITH

COURTNEY MORGAN, M.D.,

      Plaintiff,

v.

WALGREEN CO.,

      Defendant.

_____/

DEFENDANT, WALGREEN CO.'S REPLY
TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Walgreen Co. ("Walgreens"), by and through undersigned counsel and pursuant to Rule 12(b)(6) and (b)(7) of the Federal Rules of Civil Procedure, hereby files its Reply to Plaintiff's Response in Opposition to Walgreens Motion to Dismiss, with prejudice.  In support, the following is submitted:

## I.    ARGUMENT

### A. The First Amended Complaint Should be Dismissed, with prejudice, as Dr. Morgan Failed to Exhaust Administrative Remedies and Because the Doctrine of Primary Agency Jurisdiction Applies

Florida Statutes §20.43(1)(g), Department of Health states:

> The purpose of the Department of Health [hereinafter "DOH"] is to protect and promote the health of all residents and visitors in the state through organized state and community efforts, including cooperative agreements with counties. The department shall:

> > (g)   Regulate health practitioners for the preservation of the health, safety, and welfare of the public.

17

As referenced in the Plaintiff's First Amended Verified Complaint at paragraph 55, Walgreens was sued by the State of Florida, Office of the Attorney General, Department of Legal Affairs v Walgreens et.al., Case No. 2018-CA-001438) (Fla. Cir. Ct. Pasco County) in which it was alleged Walgreens distributed and dispensed prescription opioid pain medication improperly in a fashion that has caused harm to the health of Florida residents and to the State.

The Plaintiff has plead litigation and settlements involving Walgreens.  The doctrine of completeness requires that Walgreens obligations under the settlement agreement with the state of Florida be incorporated into the motion to dismiss.  That settlement mandates:

- The Settling Pharmacy will implement or maintain a Controlled Substance Compliance Program ("CSCP").

- The CSCP must include written standard operating procedures and/or corporate policies (the "CSCP Policies and Procedures").

- Walgreens shall develop a process by which it regularly reviews the prescribing patterns and practices of Prescribers of Designated Controlled Substances (the "Prescriber Review Process"). The Prescriber Review Process shall employ algorithms, or other means, to review the Settling Pharmacy's retail dispensing data for potential Prescribers of concern. Once the Settling Pharmacy identifies through its process a Prescriber for further investigation, the review of a Prescriber shall include review of his or her prescribing as contained in the Settling Pharmacy's data and available licensing and disciplinary history.

- The Settling Pharmacy acknowledges and agrees that its retail pharmacies must comply with applicable federal and Florida state laws, including regarding the dispensing of Controlled Substances. ***The requirements of the Settlement Terms are in addition to, and not in lieu of, any other requirements of federal or Florida state law***. Nothing in the

2

18

Settlement Terms shall be construed as relieving the Settling Pharmacy of the obligation of its retail pharmacies to comply with all federal and Florida state and local laws, nor shall any of the provisions of the Settlement Terms be deemed as permission for the Settling Pharmacy to engage in any acts or practices prohibited by such laws.

(Emphasis added).

The crux of Plaintiff's First Amended Verified Complaint, as well as the Plaintiff's response, is that "no individual Walgreens pharmacist has ever contacted, notified, or otherwise question Dr. Morgan regarding the medical necessity and appropriateness of any prescription for a controlled substance which he has prescribed for his patients" which is a direct violation of Florida's Administrative Rules for the practice of pharmacy. [DE 4 at 55 and 59].

Simply stated, the settlement with the state of Florida requires Walgreens to implement its CSCP in addition to any federal or Florida state law, including Florida's Administrative Rules for the practice of pharmacy.  Any issue concerning Walgreens additional requirements imposed by the DOH and Florida's Administrative Rules for the practice of pharmacy needs first be addressed by those agencies.

The Administrative Procedure Act (APA) is found in Chapter 120, Florida Statutes. Florida followed the example of the federal government and other states by adopting its first extensive APA in 1961 in an effort to provide comprehensive and standardized administrative procedures pertaining to executive branch agency actions.  The Act provides a "check and balance" function by increasing administrative agency accountability to the Legislature and Florida's citizens. The Plaintiff has an administrative remedy available which must be exhausted prior to maintaining this cause of action.   Any argument that said administrative remedy would cause an "unreasonably delay" is pure conjecture and speculation.

19

The exhaustion doctrine, provides "that administrative remedies must be exhausted prior to seeking relief in the courts." *Desai v. Lawnwood Med. Ctr., Inc.*, 219 So. 3d 869, 871 (Fla. 4th DCA 2017). The limited exceptions to the exhaustion doctrine include seeking relief under federal civil rights statutes under 42 U.S.C. §1983[1].  There have been no cases cited by the Plaintiff stating that the exhaustion doctrine does not apply to the situation that is the subject matter of this litigation.  In fact, the Plaintiff's First Amended Verified Complaint continuously acknowledge' s Walgreens duty to conform and act with the *Florida's Administrative Rules for the practice of pharmacy*.  Logically, how can the exhaustion doctrine not apply when a lawsuit alleges non-conformity with administrative rules?

Accordingly, this Court should find that the exhaustion doctrine is applicable and the case should be dismissed until such time as the administrative remedies are exhausted by the Plaintiff.

**B.  The Complaint Should be Dismissed Because Dr. Morgan Failed to Join the State of Florida as an Indispensable Party**

As the Plaintiff correctly points out in his response, Rule 19, required Joinder of Parties, states:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[1] Courts may require exhaustion of state administrative remedies before filing a Section 1983 suit when there are pending state administrative proceedings in which an important state interest is involved. *See* Ohio C.R. Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 n.2 (1986). Under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination on racial and other specified grounds, the Equal Employment Opportunity Commission may not consider a claim until a state agency having jurisdiction over employment discrimination complaints has had at least sixty days to resolve the matter. 42 U.S.C. § 2000e–5(c); *see* Love v. Pullman Co., 404 U.S. 522 (1972). The Civil Rights of Institutionalized Persons Act contains a specific, limited exhaustion requirement for adult prisoners bringing actions pursuant to § 1983. Patsy v. Florida Board of Regents, 457 U.S. 496, 508 (1982).

4

20

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The state of Florida has imposed mandatory obligations on Walgreens in addition to what the DOH and Florida's Administrative Rules for the practice of pharmacy require of Walgreens. The state of Florida is a necessary party to this litigation as it is the state of Florida that has required Walgreens to establish a program that has directly resulted in this lawsuit. Joinder of the state of Florida, under Rule 19(A)and (Bii), is required as the absence of the state of Florida in this litigation cannot accord Walgreens of complete relief and will likely expose Walgreens to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations due to its obligations under the settlement agreement with the state of Florida. As previously stated, the concerns about inconsistent obligations or prejudice cannot be lessened or avoided unless the State and Walgreens are both parties in this lawsuit, which requires the Court to determine the State's and Walgreens' rights and obligations under the settlement agreement as it concerns Walgreens' ability to make dispensing decisions pertaining to controlled substances.

Accordingly, this Court should find that the State is both a necessary and indispensable party to this action; and thus, dismissal is warranted for the failure to join an indispensable party under Rule 19.

### C. The Complaint Should be Dismissed Because Dr. Morgan Cannot State a Claim for Tortious Interference with a Business Relationship Against Walgreens

To state a claim under Florida law for tortious interference with a business relationship, a plaintiff must establish the following four elements: "(1) the existence of a business relationship[;] (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of

21

the breach of the relationship." *Duty Free Ams., Inc. v. Estee Lauder Cos*., 797 F.3d 1248, 1279 (11th Cir. 2015) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc*., 647 So. 2d 812, 814 (Fla. 1994)).  As the Plaintiff readily acknowledges in his Response to Walgreens Motion to Dismiss, there is a written settlement agreement between the state of Florida and Walgreens.  [DE 61 at page 11].  How can the Plaintiff allege that Walgreens acted with a specific intent and unjustifiably interfered with the business practice of Dr. Morgan when Walgreens specifically sent Dr. Morgan several letters in which Walgreens told the Plaintiff of the Plaintiff's need to comply with with the state of Florida's Controlled Substance Compliance Program for which Walgreens was required to implement?

Based on the foregoing, Walgreens respectfully requests that this Honorable Court enter an order dismissing the First Amended Verified Complaint and granting such other relief that this Court deems just and proper.

Dated: November 13, 2024

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
*Counsel for Defendant Walgreen Co.*

By:    */s/ Davd M. Tarlow*
       **David M. Tarlow, Esq.**
       Florida Bar No. 893684
       2400 E. Commercial Blvd., Suite 520
       Fort Lauderdale, Florida 33308
       Telephone: (954) 532-7008
       Fax: (954) 523-7009
       dtarlow@qpwblaw.com

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, which will send notice of electronic filing to counsel of record registered to receive electronic notices of filing in this case.

By:  */s/ Davd M. Tarlow*
**David M. Tarlow, Esq.**
Florida Bar No. 893684
2400 E. Commercial Blvd., Suite 520
Fort Lauderdale, Florida 33308
Telephone: (954) 532-7008
Fax: (954) 523-7009
dtarlow@qpwblaw.com

23