# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CASE NO. 25-11887

COURTNEY MORGAN, M.D.,
*Plaintiff-Appellant*

v.

WALGREEN CO.,
*Defendant-Appellee.*

On Appeal from the
U.S. District Court for the Southern District of Florida
District Court Docket No. 0:24-cv-61442-RS

## PLAINTIFF-APPELLANT
## COURTNEY MORGAN, M.D.'S REPLY BRIEF

Andrew L. Schlafly, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY
939 Old Chester Road
Far Hills, NJ 07931
Tel: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Erica Chaplin, Esq.
ANDERSON & WELCH, LLC
500 S. Australian Ave., 6th Flr
West Palm Beach, FL 33401
Tel: (561) 832-3386
Fax: (561) 820-4867
Email: chaplinlaw@gmail.com
andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellant Courtney Morgan, M.D.*

# TABLE OF CONTENTS

Page(s)

Table of Contents ............................................................................ ii

Table of Citations ........................................................................... iii

Summary of the Reply Argument ..................................................... 1

Reply Argument ............................................................................... 4

I.    Florida Is Not an Indispensable Party Because It Has No Interest in Litigating Against the Position of Its Own Medical Board: Dr. Morgan Holds an Unrestricted Florida Medical License ......................... 5

II.   It Was an Abuse of Discretion for the District Court to Deny Dr. Morgan Leave to Amend, which He Timely Sought in Opposition to Walgreens' Motion to Dismiss ................................................. 10

III.  The "Good Cause" for Amending to Add Florida Is the District Court's Surprise Ruling that Florida Is an Indispensable Party ................................. 13

IV.   Dr. Morgan Timely Objected Below to Misplaced Reliance on the Excerpts from the Extrinsic Walgreens-Florida Settlement Agreement ....... 14

Conclusion ..................................................................................... 15

Certificate of Compliance .............................................................. 16

## TABLE OF CITATIONS

Page(s)

**Cases**

*Aileron Inv. Mgmt. v. Am. Lending Ctr.*, No. 8:21-cv-146-MSS-AAS,
　2021 U.S. Dist. LEXIS 254877 (M.D. Fla. Nov. 9, 2021) ........................... 14

*BOF Med. Ctr., Inc. v. CVS Pharmacy, Inc.,*
　No. 23-CV-24438, 2024 WL 1908616 (S.D. Fla. Apr. 30, 2024) ................. 2

*Emess Cap., LLC v. Rothstein*, No. 10-60882-CIV,
　2012 U.S. Dist. LEXIS 203272, 2012 WL 13001838
　(S.D. Fla. May 2, 2012) ............................................................................... 13

*Jenkins v. Anton*, 922 F.3d 1257 (11th Cir. 2019) .................................................. 11

*Laker Airways v. British Airways*, 182 F.3d 843 (11th Cir. 1999) ........................ 7, 8

*Santiago v. Honeywell Int'l, Inc.*, 768 Fed. Appx. 1000 (11th Cir. 2019) .............. 8

*Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ................................. 13

*Smith v. Miorelli*, 93 F.4th 1206 (11th Cir. 2024) .................................................. 3

*Tanner-Brown v. Haaland*, 105 F.4th 437 (2024) .................................................. 3

*Thompson v. Allstate Ins. Co.*, 476 F.2d 746 (5th Cir. 1973) ................................ 12

*W. Peninsular Title Co. v. Palm Beach Cty.*, 41 F.3d 1490 (11th Cir. 1995) .......... 6

*Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243 (11th Cir. 2023) ..................... 3

**Statute**

42 U.S.C. § 1983 ........................................................................................................ 4

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 1 ...................................................................................................... 4, 12

Fed. R. Civ. P. 16 ...................................................................................................... 13

Fed. R. Civ. P. 19(a) ................................................................................................ 6, 7

Fed. R. Civ. P. 59(e) ...................................................................................... 2, 3, 11, 12

**Treatise**

5A Wright & Miller, Federal Practice and Procedure § 1359 ................................ 6

**Other**

Florida Health, *2022 Physician Workforce Annual Report* (November 2022)  ........1

## SUMMARY OF THE REPLY ARGUMENT

Defendant Walgreen Co. ("Walgreens") concedes that this Court has *de novo* review over the "principal issue" on appeal here: "whether the trial court properly dismissed the complaint … for failure to join the State of Florida as an indispensable party." (Walgreens Br. 1) Florida would surely object to the notion that it is an indispensable party in a lawsuit by merely one physician against merely one pharmacy chain to fill his prescriptions. Florida would surely not appreciate being dragged into this private lawsuit, in the court below or elsewhere, and would likely prevail in being dismissed from any such case if added. Walgreens, in its brief here, fails to provide adequate authority for deeming Florida as indispensable here.

"A total of 91,269 physicians possess a license that allows them to practice in Florida," of whom "58,062 are providing direct patient care." Florida Health, *2022 Physician Workforce Annual Report* at 1 (November 2022). Any one of these physicians could sue a pharmacy for imposing a corporate-wide ban on filling their prescriptions, and some have. Florida has no interests in these individualized disputes between one physician and one pharmacy chain. Florida regulates physicians through its medical board, which confers an unrestricted medical license on Plaintiff Courtney Morgan, M.D. ("Dr. Morgan"). The notion that Florida must also incur the expense of litigating, what its medical board handles directly, would

1

surely dismay attorneys for the State of Florida, who would presumably obtain swift dismissal of any attempt to join it as a party.

Yet Walgreens' brief here addresses none of this. Instead, it makes procedural arguments to distract this Court from the central issue of whether Florida is an indispensable party such that dismissal of this case is required. If Florida is an indispensable party here, then Florida is also an indispensable party to every other case like this, including one that litigated past a motion to dismiss and far into discovery without Florida as a party. *See BOF Med. Ctr., Inc. v. CVS Pharmacy, Inc.*, No. 23-CV-24438, 2024 WL 1908616 (S.D. Fla. Apr. 30, 2024) (cited by Morgan Opening Br. 23-24, and by Dr. Morgan below at Doc. 70, Pg 2; Doc. 72, Pg 8) Rather than discuss this glaring inconsistency between the decision below and what another court has properly done in the same district, Walgreens argues instead that Dr. Morgan failed to timely assert this below. But Dr. Morgan did timely object below to Walgreens' argument that Florida is somehow an indispensable party here. (Doc. 61, Pg 10) (heading beginning with "The State of Florida is not an Indispensable Party for Joinder").

Nor was there any waiver of the jurisdictional argument made by Dr. Morgan in his Rule 59(e) motion below, as Walgreens appears to concede on appeal:

> There's no wavier of subject matter jurisdiction issue here. To be sure, as Dr. Morgan correctly points out, see Opening Br. At 26, a defendant's challenge to subject matter jurisdiction cannot be waived, and the district court has the independent obligation to consider subject matter jurisdiction at any time.

2

(Walgreens Br. 18) Walgreens further concedes that "subject matter jurisdiction …

can't be waived, and can be raised at any time." (*Id.*)

Dr. Morgan promptly objected below once the district court erroneously held

that there could not be federal subject matter jurisdiction over this dispute. He

properly asserts his argument on appeal here, as established recently by the D.C.

Circuit in holding that there is no forfeiture of an argument when "[t]he government

has had a full opportunity to respond to the plaintiffs' argument, both in the Rule

59(e) proceedings and now on appeal." *Tanner-Brown v. Haaland*, 105 F.4th 437,

444 (D.C. Cir. 2024). The district court committed a reversible legal error by holding

that it could not have subject matter jurisdiction over this case if Florida were joined

as a defendant. Of course there would be subject matter jurisdiction: if Florida is an

indispensable party, then Dr. Morgan would have a valid federal claim based on

Florida's state action in causing an exclusion of Dr. Morgan, without due process,

from having his prescriptions filled by Walgreens.

In its brief here, Walgreens distinguishes very few of the numerous

controlling precedents cited by Dr. Morgan in his opening brief. Instead, Walgreens

relies on deference under an abuse of discretion standard of review. (Walgreens Br.

1, 9, 10, 19) But "[a]n error of law is an abuse of discretion *per se*." *Smith v.

Miorelli*, 93 F.4th 1206, 1212 (11th Cir. 2024) (quoting *Williams v. Reckitt

Benckiser LLC*, 65 F.4th 1243, 1251 (11th Cir. 2023), inner quotations omitted). It

was an error of law, and thus reversible, for the district court to hold that it could not have subject matter jurisdiction over this action if Florida were to be added as an indispensable party.

The Federal Rules of Civil Procedure state that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Dr. Morgan has a full right to sue in federal court with Florida as a party in addition to Walgreens, by asserting a claim based on state action under 42 U.S.C. § 1983, and it does not comport with the "just, speedy, and inexpensive" requirement of Rule 1 to require Dr. Morgan to exit a federal courtroom in order to restart with a new cause of action in the same district court and possibly even in the very same courtroom.

Finally, Walgreens improperly relies in its appellate brief here on a self-serving declaration that was not part of the Dr. Morgan's First Amended Verified Complaint ("Amended Complaint"), and thus is not properly before this Court on appeal from the district court's grant of Walgreen's motion to dismiss. (Doc. 16, cited by Walgreens Br. i, 2, 4, 6, submitted in Walgreen's Supplemental Appendix)

## REPLY ARGUMENT

Walgreens' brief is notable for what it fails to state. Walgreens fails to distinguish nearly all of the precedents cited by Dr. Morgan in his opening brief. Walgreens fails to explain what Florida's position is about being treated as an

4

indispensable party here, and whether Florida will oppose an attempt to pull it into this litigation. Walgreens fails to persuade this Court not to consider the issue of subject matter jurisdiction, which was never forfeited. Finally, Walgreens fails to provide any substantive justification for denying Dr. Morgan leave to amend, and instead forcing him to file a new lawsuit.

Walgreens relies on only two decisions for its argument that Florida is an indispensable party to this litigation, with which Florida has never indicated agreement and there is no reason to expect it would. Neither of the decisions supports Walgreens' assertions that Florida should be considered an indispensable party here.

Walgreens' additional arguments, including its overreliance on procedural timing, are likewise unpersuasive as explained below.

**I.      Florida Is Not an Indispensable Party Because It Has No Interest in Litigating Against the Position of Its Own Medical Board: Dr. Morgan Holds an Unrestricted Florida Medical License.**

Florida has publicly stated its position concerning Dr. Morgan: Florida has granted him an unrestricted medical prescribing license, as does the federal Drug Enforcement Administration (DEA). (Morgan Opening Br. 3, 10, citing Doc 4, Pg 2-3) Florida has no plausible interest in litigating against its own official position towards Dr. Morgan. Walgreens is playing a charade here by pretending that Florida wants to be a co-defendant with it, and Walgreens has provided no evidence in support of its argument.

5

Neither in the district court nor on appeal here has Walgreens satisfied its burden, as the movant below, "'to show the nature of the unprotected interests of the absent parties.'" *W. Peninsular Title Co. v. Palm Beach Cty.*, 41 F.3d 1490, 1492 (11th Cir. 1995) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1359)). There is no unprotected interest by Florida here; it can suspend Dr. Morgan's prescription authority at any time, and has chosen instead to fully license him.

Walgreens has not provided any statement below or here attesting to any particularized interest by Florida in how this lawsuit is resolved. There is no reason to expect that Florida would have or take any position against the filling of prescriptions written by a physician in good standing with the State, Dr. Morgan. If Florida wanted to be in this lawsuit or felt it had a legitimate, legal interest in the outcome of this individual dispute, then it would have said so by now. Instead, Florida has not sought to appear here, has not taken any action against Dr. Morgan, and has never asked or ordered him to stop writing any type of prescriptions. At most, Florida may have an amorphous general interest in the aggregate amount of narcotics prescriptions filled by Walgreens statewide. But Florida has no interest in this dispute between Walgreens and one particular physician who is in good standing with the Florida medical board (and the DEA), as Dr. Morgan is. Under FED. R. CIV. P. 19(a) and Walgreens' own quoted test requiring an interest by the party to be joined, Florida is not a necessary party here. (Walgreens Br. 14).

6

Florida cannot possibly be an indispensable party to every dispute with a pharmacy by one of the tens of thousands of Florida physicians licensed by the State. Walgreens, a national pharmacy chain, can ably defend itself in court without needing help by Florida, which may even disagree with Walgreens' position towards this particular physician who has an unrestricted medical license. It is implausible that Florida would allow itself to be pulled into this lawsuit between Dr. Morgan and Walgreens, and Florida has never expressed any legal interest in the outcome here.

Walgreens cites only two decisions here in support of its position that Florida is an indispensable party. Notably, in its brief Walgreens provides no explanation for why it did not seek to join Florida as a party below, and there is no indication that Florida agrees with Walgreens' argument that Florida should be sued.

Walgreens relies first on *Laker Airways v. British Airways*, for a restatement by this Court of the Federal Rule of Civil Procedure 19(a) standard in assessing whether a third-party is necessary to an action. 182 F.3d 843 (11th Cir. 1999) (cited by Walgreens Br. 14). As quoted by Walgreens, the *Laker Airways* court held that "[f]irst, the court must determine whether the person in question should be joined." *Id.* at 847 (quoted by Walgreens Br. 13) The *Laker Airways* court affirmed the dismissal of one of the claims based on the absence of a necessary party, but reversed the district court's dismissal of another claim. The indispensable party as to one of the two claims was the Airport Coordination Ltd. ("ACL"), a private English

7

corporation appointed by the government of the United Kingdom to coordinate requests for landing and take-off times ("slots") at airports in Great Britain. *See Laker Airways*, 182 F.3d at 845. A United States District Court had no way to order a London airport to grant landing slots to Laker Airways. In contrast, the district court can and did order Walgreens to fill Dr. Morgan's prescriptions, and Florida's absence was no impediment to that relief. There was not any indispensable third party – neither Florida nor anyone else – whose presence in this lawsuit was needed.

Closer to the facts here is how the *Laker Airways* court reversed a dismissal by the district court on the second of the two claims:

> To the extent, however, that Laker complains that [British Airways] BA has improperly refused to enter into interline ticketing and baggage agreements with Laker, the interests of ACL are not implicated. Interline agreements allow passengers to have their baggage automatically transferred between airlines on one baggage check ticket. Laker alleges that interline agreements with BA are necessary in order to compete effectively in the Miami-London market. An interline agreement, in contrast to slot allocation, is simply a contract between airline carriers and involves no other authorizing parties. As a result, no interests of ACL are implicated by interline agreements.

*Laker Airways*, 182 F.3d at 850.

Walgreens' refusal to fill prescriptions written by Dr. Morgan is analogous to British Airways' refusal to enter into interline ticketing and baggage agreements with Laker Airways. British Airways unsuccessfully argued, as Walgreens argues here, that there was an indispensable third party who needed to be joined in order to

litigate this claim. This Court rejected that argument on the second claim in *Laker Airways*, as this Court should reject that argument by Walgreens here.

Walgreens' only other cited authority likewise stands against its argument here. *Santiago v. Honeywell Int'l, Inc*., 768 Fed. Appx. 1000 (11th Cir. 2019) (cited by Walgreens Br. 15). As Walgreens explains in its brief, the *Santiago* court found that the "district court abused its discretion by not undertaking a complete Rule 19 analysis or by otherwise failing to adequately explain why [a] non-party was an indispensable party." (Walgreens Br. 15, citing *Santiago*, 768 Fed. Appx. at 1007). There, as here, it was alleged that "full injunctive relief could be afforded without" joining a third party, and the third party would not be prejudiced by the outcome of the lawsuit. Here, injunctive relief not only "could be afforded," but in fact was granted below to Dr. Morgan against Walgreens in the form of a preliminary injunction (Doc. 25), without the need for any participation by Florida. Nor did Florida suffer any prejudice from this, and thus it is not an indispensable party. In the *Santiago* case on which Walgreens relies, this Court reversed the district court and remanded for a new determination of whether an electric utility is an indispensable party, which does not support Walgreens' argument on appeal here.

Walgreens is being disingenuous to argue that Florida must be considered an indispensable party lest Walgreens be placed at "a substantial risk of incurring 'double, multiple, or otherwise inconsistent obligations because of its obligations

9

under the Settlement Agreement.'" (Walgreens Br. 15, quoting Doc. 69, Pg 10, which relied on Walgreens' argument below as restated by the district court at Doc. 69, Pg 8-9) Walgreens has always been free below to add Florida as a party in order to protect Walgreens, but it has declined to do so. Instead, Walgreens feigns potential injury to itself if Florida is not deemed an indispensable party, and the goal of Walgreens' argument is to obtain dismissal for itself. This pretextual argument by Walgreens is clever but Walgreens has not shown that merely one physician – Dr. Morgan – has a significant impact on the aggregate statewide prescription volume to trigger any concern by Florida. It is implausible that Dr. Morgan's prescriptions have the impact that Walgreens implies, and as the movant below Walgreens bears the burden of proving that.

II.    **It Was an Abuse of Discretion for the District Court to Deny Dr. Morgan Leave to Amend, which He Timely Sought in Opposition to Walgreens' Motion to Dismiss.**

Contrary to Walgreens' argument on appeal here, Dr. Morgan did timely request leave to amend in his initial opposition to Walgreens' motion to dismiss. Dr. Morgan pointed this out in his opening brief (Morgan Opening Br. 29), and the district court below expressly acknowledged this: "Plaintiff's Opposition sought leave to amend his Amended Complaint if the Court granted the Motion to Dismiss …." (Doc. 73, Pg 3) Here is Dr. Morgan's original request for leave to amend, as

10

quoted from Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint below:

> **WHEREFORE**, Plaintiff respectfully urges the Court to deny Defendant's motion in its entirety, or in the alternative, permit Plaintiff to amend his Complaint.

(Doc. 61, Pg 17, emphasis in original)

Walgreens' appellate brief here overlooks the timeliness of this request by Dr. Morgan, and instead argues that it was untimely for Dr. Morgan to seek leave to amend in his Rule 59(e) motion for reconsideration. (Walgreens Br. 21 - "leave to amend, for which relief Dr. Morgan argued for the first time in his motion for reconsideration"; Walgreens Br. 8 – "*for the first time*, he requested leave to amend his complaint; Walgreens Br. 1 – "for the first time") (emphasis in original). But as Dr. Morgan explained in his Rule 59(e) motion below:

> Plaintiff [Dr. Morgan] had expressly requested leave to amend his Amended Complaint if Walgreens' motion to dismiss were granted. (DE: 61:17) This Court granted Walgreens' motion on that mistaken impression that adding Florida as a party would be impossible because that "would defeat this Court's diversity jurisdiction."

(Doc 70, Pg 5) As is entirely properly, Dr. Morgan reasserted in his Rule 59(e) motion his timely request for leave to amend his complaint because denial of it was based on legal error by district court. Where, as here, a party argues that a "judgment was based on manifest errors of law or facts," then it "is a proper Rule 59(e) argument." *Jenkins v. Anton*, 922 F.3d 1257, 1268 (11th Cir. 2019). Dr. Morgan

11

timely requested leave to amend in his initial opposition to Walgreens' motion to dismiss, if dismissal were to be granted, and then properly argued in his Rule 59(e) motion that it was a manifest error for the district court to deny that leave.

Walgreens is thus incorrect in arguing here on appeal that Dr. Morgan's request for leave to amend should be denied as a "failure to conform." (Walgreens Br. 16) Walgreens' procedural argument also overlooks the big picture: there is no point in forcing Dr. Morgan to file a new lawsuit in federal court with Florida as a defendant, rather than continue with the current lawsuit by amending it. Dr. Morgan has a right to be in federal court, as he has explained that he would have a federal claim if Florida is deemed to be an indispensable party, and there is a duty for federal courts to exercise subject matter jurisdiction wherever it exists. It does exist here with Florida as a defendant, and Dr. Morgan should not be required to restart with a new lawsuit merely to add Florida as a defendant. There is no justification in requiring Dr. Morgan to take this circuitous procedural path, with a new filing fee, to reach the same spot that simply granting him leave to amend below would attain. The Federal Rules of Civil Procedure stand firmly against requiring a litigant to jump through procedural hoops for no substantive reason, thereby entailing unnecessary expense and delay. *See* FED. R. CIV. P. 1 (quoted above); *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973) (Wisdom, J.) ("The Federal Rules were intended to abolish such exaltations of form over substance.").

### III.    The "Good Cause" for Amending to Add Florida Is the District Court's Surprise Ruling that Florida Is an Indispensable Party.

If this Court does not reverse the district court's ruling that Florida is an indispensable party, then the "good cause" for Dr. Morgan's request to amend the complaint is self-evident: the district court's ruling necessitated the amendment. Walgreens' argument is unpersuasive in insisting that good cause for amending the complaint would not exist in response to a district court ruling that the complaint is defective. (Walgreens Br. 20-21) Walgreens misplaces reliance on a decision based on the fact that "[t]he record makes clear that [plaintiff's] failure to comply with the court's scheduling order resulted from a lack of diligence in pursuing her claim." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (relied on by Walgreens Br. 21). Nothing of the sort happened here.

It is well-established that seeking leave to amend promptly after a motion to dismiss is granted, even though beyond the cutoff in a scheduling order, satisfies the "good cause" requirement:

> Aileron moved for leave to amend five weeks after the Court ruled on American Lending's motion to dismiss. Courts have found ***good cause under Rule 16 in similar circumstances***. See, e.g., Emess Cap., LLC v. Rothstein, No. 10-60882-CIV, 2012 U.S. Dist. LEXIS 203272, 2012 WL 13001838, at *6 (S.D. Fla. May 2, 2012) ("The Court finds that waiting for this Court's ruling on TD Bank's Motion to Dismiss ***constitutes good cause*** for failing to comply with the Court's deadline for amendment of pleadings.").

13

*Aileron Inv. Mgmt. v. Am. Lending Ctr.*, No. 8:21-cv-146-MSS-AAS, 2021 U.S. Dist. LEXIS 254877, at *5 (M.D. Fla. Nov. 9, 2021) (emphasis added, citation to the docket omitted).

**IV.    Dr. Morgan Timely Objected Below to Misplaced Reliance on the Excerpts from the Extrinsic Walgreens-Florida Settlement Agreement.**

Walgreens relies again on a misplaced procedural argument, rather than substance, in order to assert that Dr. Morgan did not timely object below to reliance by the district court on the Walgreens-Florida settlement document. (Walgreens Br. 22) Dr. Morgan did timely object to reliance on this extrinsic document below.

As part of his initial opposition to Walgreens' motion to dismiss that is the subject of this appeal, Dr. Morgan included an entire section entitled "Defendant's Arguments for Indispensable Joinder (Rule 19) and Failure to State a Claim for Tortious Interference are Improperly Based on an Extrinsic Document." He painstakingly explained in that section why the Walgreens-Florida settlement was not properly before the district court on Walgreens' motion to dismiss (Doc. 61, Pg 9), and thus not properly before this Court now. For example, Dr. Morgan timely explained that:

> The Settlement Agreement excerpts were not attached to the *Motion to Dismiss*, but were cited to as the exhibit from *Plaintiff's Reply to the Defendant's Response in Opposition to Plaintiff's Motion for a Preliminary Injunction*.

14

(Doc. 61, Pg 9 n.5) Thus the Settlement Agreement cannot properly be the basis for a motion to dismiss the Amended Complaint, which merely mentioned "three (3) settlements by Walgreens in para. 55, with no substantive description of the contents beyond the year settled, the settlement amount, and duration of payments." (Doc. 61, Pg 10; Doc. 4, Pg 17) As Dr. Morgan timely explained below in his initial opposition to Walgreens' motion to dismiss, "consideration of this document outside the Amended Complaint could warrant conversion of this motion to dismiss into a motion for summary judgment, affording Plaintiff the right to amend his response." (Doc. 61, Pg 10) Yet Dr. Morgan was denied that, too.

## CONCLUSION

For the foregoing reasons and those stated in his opening brief, Plaintiff-Appellant Dr. Morgan respectfully requests that this Court reverse the dismissal and denial of leave to amend below, and remand for further proceedings on the merits of Dr. Morgan's claims.

Dated: April 8, 2026                                Respectfully submitted,

/s/ Andrew L. Schlafly                            /s/ Erica Chaplin
Andrew L. Schlafly, Esq.                          Erica Chaplin, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY    ANDERSON & WELCH, LLC
939 Old Chester Road                              500 S. Australian Ave., 6th Flr
Far Hills, NJ 07931                               West Palm Beach, FL 33401
Tel: (908) 719-8608                               Tel: (561) 832-3386
Fax: (908) 934-9207                               Fax: (561) 820-4867
Email: aschlafly@aol.com                          Email: chaplinlaw@gmail.com
                                                  andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellant Courtney Morgan, M.D.*

15

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements pursuant to Fed. R. App. P. 32(a):

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,755 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: April 8, 2026

/s/ Andrew L. Schlafly
Andrew L. Schlafly
*Counsel for Plaintiff-Appellant*

16