# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CASE NO. 25-11887

---

COURTNEY MORGAN, M.D.,
*Plaintiff-Appellant,*

v.

WALGREEN CO.,
*Defendant-Appellee.*

---

On Appeal from the
U.S. District Court of the Southern District of Florida
DISTRICT COURT DOCKET NO. 0:24-cv-61442-RS

---

## PLAINTIFF-APPELLANT COURTNEY MORGAN, M.D.'S MOTION TO RESTORE INJUNCTIVE RELIEF PENDING APPEAL *(TIME-SENSITIVE)*

---

Andrew L. Schlafly, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY
939 Old Chester Road
Far Hills, NJ 07931
Tel: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Erica Chaplin, Esq.
ANDERSON & WELCH, LLC
500 S. Australian Ave., 6th Flr
West Palm Beach, FL 33401
Tel: (561) 832-3386
Fax: (561) 820-4867
Email: chaplinlaw@gmail.com
andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellant, Courtney Morgan, M.D.*

***Courtney Morgan, M.D. v. Walgreen Co.***
## Case No. 25-11887

## CERTIFICATE OF INTERESTED PERSONS
## AND
## CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant, COURTNEY MORGAN, M.D., respectfully submits the following list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

1. The Honorable Rodney Smith, *U.S. District Court Judge*

***Plaintiff-Appellant***
2. Courtney Morgan, M.D., *Plaintiff-Appellant*

***Counsel for Plaintiff-Appellant***
3. Anderson & Welch, LLC, *Attorneys for Plaintiff-Appellant*
4. Anderson, Esq., Kevin R., *Attorney for Plaintiff-Appellant*
5. Chaplin, Esq., Erica, *Attorney for Plaintiff-Appellant*
6. Schlafly, Esq., Andrew L., *Attorney for Plaintiff-Appellant*

***Defendant-Appellee***
7. Walgreens Co. (WAG), *Defendant-Appellee*

***Counsel for Defendant-Appellee***
8. *Akerman, LLP, *Attorneys for Defendant-Appellee*
9. Daniel, W. Aaron, Esq., *Attorney for Defendant-Appellee*
10. Kula & Associates, P.A., *Attorneys for Defendant-Appellee*
11. Kula, Esq., Elliot B., *Attorney for Defendant- Appellee*
12. *Malvin, Tamara S., Esq., *Attorney for Defendant-Appellee*

13. Quintairos Prieto Wood & Boyer, PA, *Attorneys for Defendant-Appellee*
14. Tarlow, Esq., David Michael, *Attorney for Defendant-Appellee*
15. Walter, Esq., Elaine D., *Attorney for Defendant-Appellee*

***Other Interested Parties***
16. Florida Board of Medicine
17. Florida Board of Pharmacy
18. Florida Department of Health
19. Walgreens Boots Alliance (Defendant-Appellee Parent Company)
*\* - no longer involved in representation*

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, I hereby certify that there are no publicly traded corporations, stock, equities, debts or corporate disclosures for Plaintiff-Appellant, Courtney Morgan, M.D.

/s/ Andrew L. Schlafly
Andrew L. Schlafly, Esq.

/s/ Erica Chaplin
Erica Chaplin, Esq.

## STATEMENT REGARDING ORAL ARGUMENT AND NATURE OF URGENCY

Pursuant to Federal Rule of Appellate Procedure 34(a)(2), Plaintiff-Appellant respectfully submits that oral argument is unnecessary. The relevant facts and legal issues are fully presented in the filings and record, and Plaintiff-Appellant respectfully requests that the Court rule on the papers given the time-sensitive nature of the requested relief.

## <u>Nature of Urgency</u>

On May 29, 2026, Walgreens instituted a corporate block on Dr. Morgan's controlled-substance prescriptions. Many of his patients are now unable to obtain medically necessary medications prescribed for severe chronic pain and terminal conditions. These patients face immediate risks of uncontrolled pain, withdrawal, medical destabilization, emergency room visits, hospitalization, and potentially life-threatening consequences before this Court can resolve the pending appeal.

Although this motion is not presented as an emergency motion, it is time-sensitive. The harm to medically vulnerable patients increases with each passing day. These patients require ongoing monthly treatment and uninterrupted access to prescribed medications. Delayed relief increases the risk of treatment interruption, medical deterioration, emergency medical care, and other consequences. This motion is also being filed within seven days of the district court's May 26, 2026, order. Plaintiff-Appellant respectfully requests expedited consideration.

i

# TABLE OF CONTENTS

Page(s)

Certificate of Interested Persons and Corporate Disclosure Statement..................C2

Statement Regarding Oral Argument and Nature of Urgency....................................i

Table of Contents ...................................................................................................... ii

Table of Citations ....................................................................................................iv

Introduction ...............................................................................................................1

Procedural Background...............................................................................................3

Plaintiff Satisfied FRAP 8 by First Seeking Relief in the District Court..................6

Standard of Review....................................................................................................7

    1.  Denial of Injunctive Relief & Questions of Law...........................................7

    2.  Injunction Pending Appeal ...........................................................................8

# ARGUMENT

I.    The District Court Erred in Concluding the Preliminary Injunction Automatically Dissolved by a Rule 19 Procedural Dismissal Not on the Merits ...........................................................................................................9

    A. The Rule 19 Dismissal Was Procedural Rather Than Merits-Based ........9

    B. The Authorities Applying Dissolution Principles Involved Merits Adjudications...............................................................................................10

II.    The District Court Erroneously Concluded That It Lacked Authority to Continue or Restore the Preliminary Injunction Pending Appeal ............11

    A. Rule 62(d) Authorizes Injunctive Relief Pending Appeal .......................12

    B. Federal Courts Retain Inherent Authority to Preserve Meaningful Appellate Review ........................................................................................13

III. The District Court Erroneously Concluded That Walgreens' Corporate Block Constituted the Status Quo...................................14

    A. The Status Quo Was the Condition Existing Under the Operative Preliminary Injunction.................................................14

    B. The Requested Relief Preserves the Status Quo .....................................15

    C. Preserving Interim Relief Directly Aids the Pending Appeal.................15

IV. The Eleventh Circuit's Jurisdictional Opinion Did Not Bar Interim Relief Pending Appeal.................................................15

    A. Dr. Morgan's Notice of Appeal Did Not Divest the District Court of Authority to Preserve Interim Relief Pending Appeal........................16

    B. The Jurisdictional Opinion Did Not Eliminate Authority to Grant Interim Relief Pending Appeal...............................17

    C. The Only Merits Findings in This Case Favored Dr. Morgan .................18

V. The Four Factors Strongly Favor Injunctive Relief Pending Appeal............18

    A. Plaintiff Is Likely to Succeed on Appeal Because the Rule 19 Dismissal Did Not Eliminate Authority to Preserve Interim Relief...................................................19

    B. Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief ...................................................20

    C. The Public Interest Supports Continuity of Lawful Medical Care and Preservation of Meaningful Appellate Review........................22

    D. The Balance of Equities Favors Preserving the Existing Injunction...................................................22

VI. Without Immediate Relief, The Appeal Risks Becoming Effectively Meaningless ...................................................23

Conclusion ...................................................23

Certificate of Notice and Compliance...................................................24

iii

## TABLE OF CITATIONS

**Cases**                                                                **Pages(s)**

*BellSouth Telecoms., Inc.* v. *MCImetro Access Transmission*
    *Servs., Ltd. Liab. Co.,*
    425 F.3d 964 (11th Cir. 2005) ...................................................................21

*Cypress Barn, Inc. v. Western Elec. Co.,*
    812 F.2d 1363 (11th Cir. 1987) ..............................................................9, 10

*Davis Forestry Corp. v. Smith,*
    707 F.2d 1325 (11th Cir. 1983) ...............................................................10

*Fla. Immigrant Coal. v. Uthmeier,*
    780 F. Supp. 3d 1235 (S.D. Fla. 2025) ......................................................9

*GlaxoSmithKline LLC v. Boehringer Ingelheim Pharms., Inc.,*
    484 F. Supp. 3d 207 (E.D. Pa. 2020) ........................................................21

*Harper v. Poway Unified Sch. Dist.,*
    549 U.S. 1262 (2007) ................................................................................10

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,*
    299 F.3d 1242 (11th Cir. 2002) ..............................................................7, 8

*Klay v. United Healthgroup, Inc.,*
    376 F.3d 1092, 1096 (11th Cir. 2004) .........................................................7

*Martin v. Automobili Lamborghini Exclusive, Inc.,*
    307 F.3d 1332, 1336 (11th Cir. 2002) .........................................................7

*Merrimack River Sav. Bank v. City of Clay Center,*
    219 U.S. 527 (1911) ...............................................................................8, 13

*Morgan v. Walgreen Co.,* ("*Morgan I*")
    No. 24-13087, 2025 WL 2691080 (11th Cir.) ....................... 4, 5, 16, 17, 18

*Morgan v. Walgreen Co.,* ("*Morgan II*")
    No. 25-11887 (11th Cir. 2025) ................................................ 5, 16, 17, 18

*North American Medical Corp. v. Axiom Worldwide, Inc.,*
    522 F.3d 1211 (11th Cir. 2008) ........................................................................8

*Nken v. Holder,*
    556 U.S. 418 (2009) ........................................................... 7, 8, 18

*O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,*
    389 F.3d 973 (10th Cir. 2004) .....................................................................14

*Pettway v. Am. Cast Iron Pipe Co.,*
    411 F.2d 998 (5th Cir. 1969) ........................................... 8, 13, 17

*Schiavo ex rel. Schindler v. Schiavo,*
    403 F.3d 1223 (11th Cir. 2005) .....................................................................9

*Schokbeton Indus., Inc. v. Schokbeton Prods. Corp.,*
    466 F.2d 171 (5th Cir. 1972) .....................................................................8, 13

*State of Alabama v. EPA,*
    871 F.2d 1548 (11th Cir. 1989) ........................................... 10, 11

*Thomas v. Blue Cross & Blue Shield Ass'n,*
    594 F.3d 823 (11th Cir. 2010) .....................................................................10

*Touchstone v. McDermott,*
    234 F.3d 1130 (11th Cir. 2000) (*en banc*).....................................................8

*U.S. ex rel. Bergen v. Lawrence,*
    848 F.2d 1502, 1512 (10th Cir. 1988).............................................................9

*Woodard v. Fanboy, L.L.C.,*
    298 F.3d 1261, 1268 n.14 (11th Cir. 2002).....................................................7

**Federal Rules of Appellate Procedure**
FED. R. APP. P. 8..........................................................................2, 13, 17, 23
FED. R. APP. P. 8(a)(1).............................................................................6
FED. R. APP. P. 8(a)(1)(C) ...................................................................6, 12

v

**Federal Rules of Civil Procedure**

FED. R. CIV. P. 12(b)(7)...............................................................................2, 4, 10

FED. R. CIV. P. 19 ....................................... 2, 4, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 20

FED. R. CIV. P. 41(b)  .............................................................................................10

FED. R. CIV. P. 62(d) ............................................ 2, 6, 7, 8, 12, 13, 16, 17, 20, 23

**Florida Statutes (2024)**

Fla. Stat. § 465.0266 .............................................................................................1

**Florida Regulations (Board of Pharmacy Rules)**

Fla. Admin. Code R. 64B16-27.831 .........................................................................1

**INTRODUCTION**

Plaintiff-Appellant Courtney Morgan, M.D. ("Dr. Morgan") respectfully moves this Court, pursuant to Federal Rules of Appellate Procedure ("FRAP") Rule 8, for injunctive relief pending appeal. Specifically, Dr. Morgan requests that this Court restore and continue the Preliminary Injunction previously entered by the district court on August 23, 2024, which ordered Walgreen Co. ("Walgreens") to remove its corporate block on Dr. Morgan's controlled substance prescriptions and to permit its pharmacists to exercise independent judgment in filling those prescriptions as required by Florida's statutes and Pharmacy Board Rules. *See Fla. Stat.§465.0266* and *Florida Administrative Code 64B16-27.831*.

This motion arises from Walgreens' renewed imposition of the same corporate prescription-blocking policy the district court previously enjoined. After a full evidentiary hearing in August 2024, the district court entered a Preliminary Injunction finding that Dr. Morgan demonstrated a substantial likelihood of success on the merits, that irreparable harm was imminent, that the balance of equities favored Dr. Morgan, and that the public interest supported injunctive relief. [DE 25]. That injunction remained in place for nearly twenty months, during which Walgreens' pharmacists exercised their "independent professional judgment" without incident, in compliance with Florida's statutes and pharmacy board rules. *See Fla. Stat.§465.0266* and *Florida Administrative Code 64B16-27.831*.

1

The district court subsequently dismissed Dr. Morgan's action without prejudice on procedural grounds under Federal Rules of Civil Procedure 12(b)(7) and 19, concluding that the State of Florida was an indispensable party. The dismissal was not a decision on the merits. Dr. Morgan timely appealed the dismissal, which is presently pending before this Court, fully briefed and awaiting decision.

Walgreens has now seized upon the procedural dismissal to reimpose the same corporate block effective May 29, 2026, notifying Dr. Morgan and all of his patients that his controlled substance prescriptions would no longer be filled at any Walgreens pharmacy. The notice confirms that the block was a corporate decision, local pharmacists had no role in it, and it applies to all controlled substances *including non-opioid medications*.

Dr. Morgan returned to the district court, pursuant to FRAP 8's requirement that he first seek relief there. The district court denied his motion on May 26, 2026, concluding that the Preliminary Injunction did not survive the dismissal, Rule 62(d) did not apply, and the law-of-the-case doctrine based on the Eleventh Circuit's February 2026 jurisdictional order foreclosed relief. [DE 90] The May 26, 2026, ruling was erroneous for multiple independent reasons.

The harm is immediate. Walgreens' block took effect on May 29, 2026. Dr. Morgan's patients include individuals suffering from advanced cancers, sickle cell

disease, HIV-related neuropathy, diabetic neuropathy, degenerative spinal conditions, quadriplegia, traumatic injuries, and other debilitating and terminal conditions. For some patients, access to prescribed medication can be the difference between life and death.

Walgreens pharmacists prematurely began refusing to fill Dr. Morgan's prescriptions in anticipation of the block date. Mitchell Epstein, the patient with quadriparesis who testified at the original preliminary injunction hearing, was refused his medication by Walgreens' pharmacists multiple times. Relief from this Court is necessary to prevent irreparable harm to Dr. Morgan and his patients while this appeal proceeds. *Exh. 1, Patient Declarations.*

## PROCEDURAL BACKGROUND

Dr. Morgan is a Florida-licensed physician who has operated Hop Medical Services, PLLC, a licensed pain management clinic in Broward County, Florida, since 2006. His clinic obtained its pain management clinic certification from the Florida Department of Health ("DOH") in 2020. It has since passed every annual inspection, including those conducted on May 20, 2025, and March 6, 2026, which were after the commencement of this litigation. Dr. Morgan holds unrestricted Florida medical and DEA prescribing licenses. [DE 4]; *Exh. 2, DOH 2025-26 Inspections*.

In June 2024, Walgreens notified Dr. Morgan that effective August 16, 2024,

3

it would no longer fill any controlled substance prescriptions issued by him at any Walgreens pharmacy. The block was a corporate decision. Local pharmacists had no role in it and could not make exceptions. No specific prescription was identified as improper, and the same prescriptions for the same patients would continue to be filled at Walgreens if issued by a different physician.

Dr. Morgan filed his *Verified Complaint* [DE 1] on August 7, 2024, and his *First Amended Verified Complaint* [DE 4] on August 8, 2024, alleging tortious interference with business relationships and seeking injunctive relief. On August 15, 2024, the district court granted a *Temporary Restraining Order* [DE 14]. On August 23, 2024, following an evidentiary hearing, the district court found that Dr. Morgan established all four prerequisites for a preliminary injunction: substantial likelihood of success on the merits, irreparable harm, balance of equities in his favor, and public interest supported relief. The district court entered an *Order Granting Motion for Preliminary Injunction* [DE 25], directing Walgreens to remove its corporate block and notice of block on Dr. Morgan's controlled substance prescriptions.

On September 20, 2024, Walgreens filed an interlocutory appeal of the Preliminary Injunction, docketed as Case No. 24-13087 ("*Morgan I*"). During the pendency of that appeal, the district court dismissed the action without prejudice on February 19, 2025, pursuant to Rules 12(b)(7) and 19, concluding that the State of Florida was an indispensable party whose joinder would defeat diversity jurisdiction

4

[DE 69]. The district court declined to address Walgreens' remaining arguments. The dismissal was procedural and non-merits-based.

Walgreens thereafter moved to voluntarily dismiss *Morgan I,* asserting that the Preliminary Injunction had merged into the dismissal order and that the interlocutory appeal was moot. The Eleventh Circuit granted the voluntary dismissal of *Morgan I* without reaching the merits of the Preliminary Injunction.

On June 3, 2025, Dr. Morgan appealed the order of dismissal and the denial of reconsideration.  This second appeal, docketed as Case No. 25-11887 ("*Morgan II*"), remains pending and fully briefed. Walgreens filed a protective cross-appeal of the Preliminary Injunction, which was dismissed in February 2026 for lack of jurisdiction after Walgreens conceded to lack of standing and mootness in response to this Court's jurisdictional questions.  *Morgan II* otherwise continues to proceed.

Around March 31, 2026, Walgreens entered notations into its pharmacy system stating Dr. Morgan's controlled substance prescriptions would no longer be honored effective May 29, 2026. Walgreens communicated this decision directly to Dr. Morgan and his patients. Just like the 2024 notice, this notice similarly confirmed the blanket block was a corporate decision, pharmacists had no authority to make exceptions, and all controlled substances, *including non-opioid medications* would be blocked.

On May 6, 2026, Dr. Morgan moved in the district court to maintain the status

quo by continuing the Preliminary Injunction pending appeal pursuant to Rule 62(d), as required by FRAP 8(a)(1). The district court denied that motion on May 26, 2026 [DE 90]. This motion followed here on appeal.

**PLAINTIFF SATISFIED FRAP 8**
**BY FIRST SEEKING RELIEF IN THE DISTRICT COURT**

Federal Rule of Appellate Procedure 8(a)(1)(C) requires a party seeking to restore, or grant, an injunction pending appeal ordinarily to move first in the district court. Eleventh Circuit Rule 8-1 further requires attachment of the relevant district court orders and opinions. Dr. Morgan satisfied those requirements.

On May 6, 2026, Dr. Morgan moved in the district court to maintain the status quo and continue the Preliminary Injunction pending appeal pursuant to Rule 62(d). The district court ordered expedited briefing, heard argument on May 21, 2026, and denied relief on May 26, 2026 [DE 90]. Copies the district court's *Order Denying Plaintiff's Expedited Motion* [DE 90] and *Order Granting Preliminary Injunction* [DE 25] are attached as Exhibit 3.

The district court denied relief on the following grounds:

- The Preliminary Injunction merged into and was dissolved upon entry of the Rule 19 dismissal order, and Dr. Morgan's notice of appeal divested the district court of jurisdiction to restore, continue, or grant the injunction. [DE 90 at 5-6].

- Rule 62(d) did not apply because Dr. Morgan appeals from a dismissal order rather than an order granting, continuing, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. [Id. at 5].

- Maintaining or restoring the injunction would not aid the pending appeal because the status quo pending appeal is Walgreens' operation of the corporate block, and

6

because Dr. Morgan could seek reinstatement of a preliminary injunction if he ultimately prevailed on appeal. [Id. at 7-8].

- Even if Rule 62(d) applied, Florida's absence as an indispensable party and the purportedly "stale" August 2024 evidentiary record prevented injunctive relief. [Id. at 5-6].

- The Eleventh Circuit's February 2026 Jurisdictional Opinion constituted binding law-of-the-case, foreclosing injunctive relief because this Court stated that the Preliminary Injunction "did not survive the dismissal of the case." [Id. at 6-7].

These conclusions are legally erroneous and deprive Dr. Morgan of the interim relief necessary to preserve the status quo, prevent irreparable harm, and ensure meaningful appellate review.

## STANDARD OF REVIEW

### 1.    Denial of Injunctive Relief & Questions of Law

A district court's decision regarding injunctive relief pending appeal is generally reviewed for abuse of discretion. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). A district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures, makes clearly erroneous factual findings, or misapplies the law to the facts. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1336 (11th Cir. 2002); *Woodard v. Fanboy, L.L.C.,* 298 F.3d 1261, 1268 n.14 (11th Cir. 2002). Factual findings are reviewed for clear error, while legal conclusions are reviewed de novo. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002).

The district court's denial here rested almost entirely on legal conclusions,

7

including its conclusion that the Preliminary Injunction automatically dissolved upon the Rule 19 dismissal, its interpretation of Rule 62(d), its determination that it lacked authority to continue, restore, or grant interim relief pending appeal, and its interpretation of the Eleventh Circuit's Jurisdictional Opinion. Those conclusions are reviewed de novo. *Id.* at 1246; *see also North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1216 (11th Cir. 2008).

**2.      Injunction Pending Appeal**

A party seeking an injunction pending appeal must establish: (1) substantial likelihood of success on appeal; (2) irreparable injury absent relief; (3) the requested relief will not substantially injure other parties; and (4) the public interest favors relief. *Nken*, 556 U.S. at 426; *Touchstone v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (*en banc*). Where the requested relief seeks to preserve meaningful appellate review and restore the operative status quo that existed under a previously entered injunction, federal courts additionally recognize inherent equitable authority to preserve the status quo and prevent the appeal from becoming ineffectual during its pendency. *See Merrimack River Sav. Bank v. City of Clay Center*, 219 U.S. 527, 534–35 (1911); *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1003 (5th Cir. 1969); *Schokbeton Indus., Inc. v. Schokbeton Prods. Corp.*, 466 F.2d 171, 177 (5th Cir. 1972) (reinstating injunctive relief pending appeal "to preserve status quo pending final disposition of the issues by an appeal on the merits").

## ARGUMENT

**I.    THE DISTRICT COURT ERRED IN CONCLUDING THE PRELIMINARY INJUNCTION WAS AUTOMATICALLY DISSOLVED BY A RULE 19 PROCEDURAL DISMISSAL NOT ON THE MERITS**

The district court treated its Rule 19 dismissal without prejudice as the equivalent of a merits-based final order for purposes of dissolving the Preliminary Injunction. This conclusion is inconsistent with the nature of Rule 19 dismissals, the purpose of preliminary injunctive relief, and the authorities governing dissolution of preliminary injunctions following final judgment.

### A. The Rule 19 Dismissal Was Procedural Rather Than Merits-Based

The purpose of preliminary injunctive relief is to preserve the status quo and prevent irreparable harm until a court renders a meaningful decision on the merits. *Fla. Immigrant Coal. v. Uthmeier*, 780 F. Supp. 3d 1235, 1252 (S.D. Fla. 2025); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005).

While preliminary injunctions generally do not survive a final order, that principle presumes the underlying controversy has actually been resolved. *Cypress Barn, Inc. v. Western Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir. 1987); *U.S. ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) ("Where the final judgment has been entered on the merits, the preliminary injunction comes to an end and is superseded by the final order.")  A "final order" is one that "ends the litigation

on the merits and leaves nothing for the court to do but execute its judgment." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010).

Here, the district court dismissed Dr. Morgan's action pursuant to Rules 12(b)(7) and 19 for failure to join the State of Florida as an indispensable party. The dismissal was without prejudice, procedural, and did not adjudicate the merits of Dr. Morgan's claims. The district court made no finding that Walgreens' conduct was lawful or that Dr. Morgan's prescriptions were improper or he was not entitled to relief. To the contrary, the court expressly declined to address Walgreens' remaining merits arguments. [DE 69 at 6]

Although a Rule 19 dismissal without prejudice is a final appealable order, it is not a merits adjudication. *Davis Forestry Corp. v. Smith*, 707 F.2d 1325, 1326 (11th Cir. 1983); Fed. R. Civ. P. 41(b). It preserves the plaintiff's right to appeal or refile and leaves the underlying controversy unresolved.

**B. The Authorities Applying Dissolution Principles Involved Merits Adjudications**

The authorities applying the general rule that a preliminary injunction dissolves upon final judgment uniformly involve merits-based dispositions. In *Cypress Barn*, the underlying dispute had been resolved in settlement and an order of dismissal with prejudice was entered thereafter. *Cypress*, 812 F.2d at 1364. In *Harper,* the injunction was dissolved after a final judgment on the merits was entered. *Harper v. Poway Unified School District*, 549 U.S. 1262 (2007).  In

*Alabama v. EPA*, the preliminary injunction was dissolved by the superseding summary judgment order on the merits. *State of Alabama v. EPA*, 871 F.2d 1548 (11th Cir. 1989).

All authorities applying the general rule that a preliminary injunction dissolves upon final judgment involved merits-based dispositions. None involved a procedural Rule 19 dismissal without prejudice that left the merits unresolved. The rationale underlying dissolution therefore does not apply here because the controversy remains pending on appeal, and the Preliminary Injunction has not yet served its purpose.

The district court nevertheless treated the Rule 19 dismissal as equivalent to a merits adjudication for purposes of dissolving the Preliminary Injunction. Neither the cited authorities nor the principles governing preliminary injunctive relief support that equivalence.

## II.    THE DISTRICT COURT ERRONEOUSLY CONCLUDED THAT IT LACKED AUTHORITY TO CONTINUE, RESTORE, OR GRANT THE PRELIMINARY INJUNCTION PENDING APPEAL

The district court's ruling produces an anomalous result: a defendant who successfully obtains a procedural dismissal on Rule 19 grounds, without ever obtaining a ruling on the merits, is immediately free to resume the very conduct a court previously enjoined while the plaintiff's appeal remains pending. Such a result is inconsistent with the purposes of preliminary injunctive relief and contrary to the

11

equitable authority federal courts have consistently exercised to preserve meaningful appellate review.

### A. Rule 62(d) Authorizes Injunctive Relief Pending Appeal

"While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed.R.Civ.P. 62(d).

The district court concluded Rule 62(d) did not apply because Dr. Morgan's appeal stems from a dismissal order rather than an order directly addressing an injunction. Yet, if the Rule 19 dismissal operated to dissolve the Preliminary Injunction, as the district court concluded, the dismissal order itself is an order that "dissolves" an injunction within the meaning of Rule 62(d). An appeal from that order is therefore an appeal from a final judgment that "dissolves" an injunction.

Further, Rule 62(d) authorizes courts to "restore or grant" an injunction pending appeal. The word "restore" necessarily contemplates bringing back injunctive relief that has expired or been dissolved. The word "grant" contemplates entry of new interim relief. If Rule 62(d) applied only to injunctions that remained presently operative, the words "restore" and "grant" would be rendered meaningless.

FRAP 8(a)(1)(C) confirms this authority by specifically requiring parties seeking an order "restoring or granting an injunction while an appeal is pending" to

ordinarily move first in the district court. Dr. Morgan did precisely that. If the district court lacked authority to act on such a motion, FRAP 8's mandatory first-step requirement would serve no practical purpose.

### B. Federal Courts Retain Inherent Authority to Preserve Meaningful Appellate Review

Federal courts have long recognized inherent authority to preserve the status quo pending appellate review to prevent an appeal from becoming meaningless during its pendency. *Merrimack River Savings Bank*, 219 U.S. at 534-35; *see also Pettway*, 411 F.2d at 1003. In *Schokbeton,* the Fifth Circuit reinstated injunctive relief pending appeal "to preserve the status quo pending final disposition of the issues by an appeal on the merits." *Schokbeton Industries*, 466 F.2d at 177.

Dr. Morgan's appeal presents a live controversy concerning the Rule 19 dismissal order. Permitting Walgreens to reimpose its corporate block during the pendency of that appeal would inflict precisely the irreparable harm the district court previously found warranted injunctive relief, including immediate reputational damage to Dr. Morgan and the forced disruption of medical care for over 100 patients, many of whom face serious or life-threatening consequences if treatment is interrupted. Damage to Dr. Morgan's professional reputation and patient relationships cannot be undone by a later ruling. Therefore, Rule 62(d) and the inherent equitable authority of federal courts authorize interim relief pending appeal

13

to preserve the status quo, prevent irreparable harm, and ensure meaningful appellate review.

## III. THE DISTRICT COURT ERRONEOUSLY CONCLUDED THAT WALGREENS' CORPORATE BLOCK CONSTITUTED THE STATUS QUO

The district court concluded that the status quo pending appeal is Walgreens' operation of the corporate block. This definition is inconsistent with principles governing injunctive relief.

### A. The Status Quo Was the Condition Existing Under the Operative Preliminary Injunction

The status quo for purposes of injunctive relief is the "last peaceable uncontested status existing between the parties before the dispute developed." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1013 (10th Cir. 2004).

Before Walgreens announced its corporate block in August 2024, Walgreens pharmacists evaluated and filled Dr. Morgan's prescriptions through the ordinary exercise of independent professional judgment. The announcement of the corporate block gave rise to this dispute. The district court's injunctive relief preserved the pre-dispute condition, which then remained in place for nearly twenty months without incident. Accordingly, the operative status quo pending appeal is the longstanding pre-dispute condition preserved by the Preliminary Injunction, not Walgreens' effort to implement the corporate block during appellate review.

14

### B. The Requested Relief Preserves the Status Quo.

Granting the requested relief would restore the same arrangement that existed under the Preliminary Injunction, during which Walgreens pharmacists exercised their professional judgment without incident. It would not create a new condition or alter the parties' legal relationship. By contrast, Walgreens seeks to create a new condition by implementing the very corporate block previously enjoined by the district court. Again, the status quo is the longstanding *pre-dispute* condition preserved by the Preliminary Injunction, not Walgreens' effort to implement the corporate block during appellate review.

### C. Preserving Interim Relief Directly Aids the Pending Appeal.

The purpose of the requested injunction is to preserve the practical value of a victory while appellate review proceeds. Without interim relief, Walgreens will reimpose and maintain their corporate block for months during the pendency of the appeal, causing irreversible harm to patients, professional relationships, while Dr. Morgan's pending appeal before this Court determines whether the Rule 19 dismissal was proper. A later ability to seek a new injunction would not undo the intervening harm already sustained during the appellate process.

### IV. THE ELEVENTH CIRCUIT'S JURISDICTIONAL OPINION DID NOT BAR INTERIM RELIEF PENDING APPEAL

The district court concluded that the Eleventh Circuit's February 2026 Jurisdictional Opinion foreclosed injunctive relief because this Court stated the

15

Preliminary Injunction "did not survive the dismissal of the case." [DE 90 at 7]. Plaintiff-Appellant respectfully asserted that the district court read the Jurisdictional Opinion more broadly than its procedural context supports.

The Jurisdictional Opinion addressed whether Walgreens' cross-appeal of the Preliminary Injunction remained viable considering the procedural history of the district court case, *Morgan I*, and *Morgan II*.  *Morgan I* involved Walgreens' voluntary dismissal of its interlocutory appeal after the district court entered the Rule 19 dismissal order. The Eleventh Circuit simply granted Walgreens' motion and dismissed the appeal in *Morgan I* without analysis, and arguably without findings. The order expressly identifies the motion by title and grants it, merely an adoption of the relief requested.  *Morgan II* was an appeal of the Rule 19 dismissal.  This Court ultimately concluded that it did not have jurisdiction over the cross appeal. However, it never addressed the applicable facts with respect to a Rule 19 dismissal not on the merits and without prejudice. Moreover, neither proceeding addressed whether Rule 62(d) authorizes a district court or appellate court to restore or grant interim injunctive relief pending appeal following a non-merits procedural dismissal.

### A. Dr. Morgan's Notice of Appeal Did Not Divest the District Court of Authority to Preserve Interim Relief Pending Appeal

The district court concluded that Dr. Morgan's notice of appeal divested it of jurisdiction to continue, restore, or grant the Preliminary Injunction. Federal courts, however, retain authority to act in aid of the appeal and preserve the status quo

pending appellate review. *See Pettway*, 411 F.2d at 1003. Rule 62(d) and FRAP 8 specifically contemplates that district courts may suspend, modify, restore, or grant injunctive relief while an appeal is pending. If the filing of a notice of appeal automatically eliminated all authority to preserve interim relief, those provisions would serve little purpose.

Dr. Morgan sought relief under Rule 62(d) while the Rule 19 dismissal appeal was pending in this Court. The requested relief was intended to preserve the status quo and prevent irreparable harm during appellate review. The district court therefore retained authority to consider and grant such relief in aid of the appeal.

### B. The Jurisdictional Opinion Did Not Eliminate Authority to Grant Interim Relief Pending Appeal

Even accepting the Jurisdictional Opinion's statement that the Preliminary Injunction did not survive the dismissal, that conclusion addressed the status of the prior injunction order, not the authority of the district court or this Court to enter interim injunctive relief pending appeal. Rule 62(d) expressly authorizes courts to "restore or grant" an injunction pending appeal. The word "grant" necessarily contemplates entry of new interim relief, not merely continuation of an existing injunction. Neither *Morgan I* nor the Jurisdictional Opinion in *Morgan II* addressed whether Rule 62(d) permits restoration or granting of interim injunctive relief following a non-merits Rule 19 dismissal. The Jurisdictional Opinion therefore does not bar such relief here.

17

**C. The Only Merits Findings in This Case Favored Dr. Morgan**

The only merits ruling ever entered concerning Walgreens' prescription-blocking conduct went against Walgreens. Following an evidentiary hearing, the district court found that Walgreens' conduct was likely unjustified and potentially unlawful, that the block was not based on any individualized determination regarding the legality of Dr. Morgan's prescriptions, and that identical prescriptions would be filled if issued by another physician. [DE 25]. Those findings were never reviewed on the merits. Walgreens voluntarily dismissed *Morgan I.* Walgreens also filed a cross-appeal which it admittedly did not have standing to bring. This Court dismissal Walgreens' cross-appeal in *Morgan II* on jurisdictional grounds was foreseeable. Walgreens now seeks to resume the same corporate block previously enjoined without ever obtaining a merits-ruling validating its conduct.

## V.     THE FOUR FACTORS STRONGLY FAVOR INJUNCTIVE RELIEF PENDING APPEAL

The Court considers four factors in determining whether to grant injunctive relief pending appeal: (1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent relief; (3) whether the issuance of relief will substantially injure the other parties; and (4) where the public interest lies. *Nken* at 426. All four factors favor Dr. Morgan.

18

**A. Plaintiff Is Likely to Succeed on Appeal Because the Rule 19 Dismissal Did Not Eliminate Authority to Preserve Interim Relief**

Dr. Morgan is likely to prevail on appeal for multiple reasons. First, the district court's dismissal improperly treated Walgreens' 2022 Settlement Agreement with the State of Florida as central to Dr. Morgan's tortious interference claim. Dr. Morgan's claim rests on Walgreens' alleged violation of Florida statutes and pharmacy rules that prohibit interference with a pharmacist's independent professional judgment. Those claims do not require interpretation of the Settlement Agreement and do not implicate Florida's rights under it. The Settlement Agreement itself expressly states that nothing in it relieves Walgreens of compliance with applicable law.

Dr. Morgan has continued practicing under active, unrestricted Florida medical and DEA licenses and has passed DOH inspections in both May 2025 and March 2026 without deficiency findings. Walgreens nevertheless seeks to reimpose the same corporate block previously found likely unjustified, despite the absence of any finding that Dr. Morgan issued improper prescriptions. The only material change in circumstances is Walgreens' 2025 federal opioid settlement for $350 million arising from their own alleged dispensing misconduct, not any misconduct by Dr. Morgan. Walgreens' post-settlement physician-blocking measures have affected numerous South Florida physicians who, like Dr. Morgan, maintain active and unrestricted medical and DEA licenses. These circumstances strongly suggest that

19

Walgreens' conduct is driven by broad corporate risk-management policies rather than assessments of prescription legitimacy.

Second, Walgreens failed to establish that Florida is a required party under Rule 19. Florida has issued Dr. Morgan an unrestricted medical license and repeatedly approved inspections of his clinic throughout this litigation. The relief sought neither compels action by Florida nor adjudicates any rights belonging to Florida. Complete relief was available without Florida's participation, as demonstrated by the district court's successful enforcement of the Preliminary Injunction for nearly twenty months.

Third, the district court's conclusion that the Preliminary Injunction automatically dissolved upon the Rule 19 dismissal, and that Rule 62(d) does not apply presents a legal question to be reviewed de novo. As discussed above, that conclusion is legally erroneous and unsupported by the authorities on which the district court relied.

**B. Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief**

The district court previously found that notice of the block in Walgreens' central pharmacy system caused immediate reputational damage to Dr. Morgan, including hostile and accusatory interactions with pharmacists, patient profiling, and professional stigma. Those same harms are already recurring. Walgreens' nationwide pharmacy system now reflects that Dr. Morgan's controlled substance

prescriptions are categorically blocked and cannot be honored by Walgreens pharmacists regardless of the individual prescription, patient, or pharmacist judgment. This restriction conveys to patients, pharmacists, physicians, and the public that there is something improper about Dr. Morgan's prescribing practices.

Over 100 of Dr. Morgan's current patients fill their medications at Walgreens, and since his patients are seen every 28 days due to close monitoring, his patient population is limited. The departure of these patients forced by Walgreens' corporate block, rather than any deficiency in Dr. Morgan's care, will devastate his medical practice and reputation. *See BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., Ltd. Liab. Co.*, 425 F.3d 964, 970 (11th Cir. 2005) (loss of customers and goodwill constitutes irreparable harm because it is virtually impossible to quantify in monetary damages); *GlaxoSmithKline LLC v. Boehringer Ingelheim Pharms., Inc.*, 484 F. Supp. 3d 207, 226 (E.D. Pa. 2020) (harm to professional reputation constitutes irreparable injury).

For a physician, the ability of patients to fill lawful prescriptions for controlled substances is fundamental to the practice of medicine itself. Walgreens' corporate block effectively strips Dr. Morgan of that function within one of the nation's largest pharmacy chains while publicly signaling that his prescriptions are unworthy of fulfillment. The resulting reputational stigma, humiliation, loss of professional standing, and erosion of patient trust cannot be fully repaired through monetary

21

damages or a later ruling.

## C. The Public Interest Supports Continuity of Lawful Medical Care and Preservation of Meaningful Appellate Review

The public interest strongly favors relief. The district court previously found that the Preliminary Injunction would "prevent significant harm and serve the public interest by allowing Dr. Morgan to continue his practice and his patients to receive their essential medications without interruption or delay." Those same conditions remain, and patients face the same risk.

Many patients suffer from severe chronic or terminal conditions, and the CDC and FDA warn against abrupt interruption of opioid therapy due to risks including uncontrolled pain, withdrawal, and potentially life-threatening consequences. These harms may be irreversible. Patients cannot simply transition to another physician or pharmacy without significant delay, interruption of treatment, or loss of access to medically necessary medications. The current climate surrounding controlled substance prescribing has made displaced patients vulnerable to being turned away or left without continuity of care.

Public interest also favors preserving meaningful appellate review and ensuring that any relief obtained on appeal remains effective.

## D. The Balance of Equities Favors Preserving the Existing Injunction

The balance of equities strongly favors Dr. Morgan. On one side are the concrete and immediate harms to over 100 medically vulnerable patients and to Dr.

22

Morgan's professional reputation and livelihood. On the other side, Walgreens would be required to simply follow the law. Accordingly, Walgreens would merely continue operating under the same arrangement that existed for nearly twenty months, during which its pharmacists exercised independent professional judgment without incident. This burden is minimal compared to the harm that would befall Dr. Morgan and his patients if the block is permitted to take effect.

## VI.    WITHOUT IMMEDIATE RELIEF, THE APPEAL RISKS BECOMING EFFECTIVELY MEANINGLESS

Absent interim relief, the harm occurring during the pendency of this appeal may become irreversible regardless of the ultimate outcome. Patients displaced by Walgreens' corporate block may experience devastating medical emergencies. The resulting damage to Dr. Morgan's professional reputation, patient relationships, and medical practice cannot be fully repaired through a later ruling. A future reversal would permit renewed litigation and injunctive relief, but by then the very harms the Preliminary Injunction was intended to prevent will already have occurred. The purpose of Rule 62(d) and FRAP 8 is to preserve meaningful appellate review and prevent intervening events from rendering that review practically hollow. This Court has the authority to prevent that result here.

### CONCLUSION

Plaintiff-Appellant Courtney Morgan, M.D. respectfully requests this Court grant injunctive relief pending appeal pursuant to FRAP Rule 8, restoring and

23

continuing the Preliminary Injunction previously entered by the district court on August 23, 2024, or in the alternative granting equivalent new injunctive relief, ordering Walgreen Co., to remove its block on Dr. Morgan's prescriptions for controlled substances and to permit its pharmacists to exercise their independent judgment in filling those prescriptions, pending final resolution of this appeal.

Dated: June 1, 2026                     Respectfully submitted,

/s/ Andrew L. Schlafly                  /s/ Erica Chaplin
Andrew L. Schlafly, Esq.                Erica Chaplin, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY        ANDERSON & WELCH, LLC
939 Old Chester Road                    500 S. Australian Ave., 6th Flr
Far Hills, NJ 07931                     West Palm Beach, FL 33401
Tel: (908) 719-8608                     Tel: (561) 832-3386
Fax: (908) 934-9207                     Fax: (561) 820-4867
Email: aschlafly@aol.com                Email: chaplinlaw@gmail.com
                                        andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellant, Courtney Morgan, M.D.*

**CERTIFICATE OF NOTICE AND COMPLIANCE**

Advance notice of this motion was provided to counsel of record. This motion complies with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements pursuant to Fed.R.App.P. 27(d)(2) and 32(a)(5)-(6) because:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this brief contains 5,160 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: June 1, 2026                     /s/ Erica Chaplin
                                        Erica Chaplin
                                        *Counsel for Plaintiff-Appellant*

24