IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 25-11887
DISTRICT COURT DOCKET NO. 0:24-cv-61442

COURTNEY MORGAN, M.D.,

*Plaintiff-Appellant*

v.

WALGREEN CO.,

*Defendant-Appellee*.

**RESPONSE TO
PLAINTIFF-APPELLANT COURTNEY MORGAN, M.D.'S
MOTION TO RESTORE INJUNCTIVE RELIEF PENDING APPEAL**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Elliot B. Kula
Elaine D. Walter
KULA & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 221
Miami, Florida 33181
Telephone:  (305) 354-3858
Facsimile:  (305) 354-3822
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com
*Counsel for Walgreen Co.*

***Morgan v. Walgreen Co.***
<u>**Case No. 25-11887**</u>

**CERTIFICATE OF INTERESTED PERSONS
AND
<u>CORPORATE DISCLOSURE STATEMENT</u>**

The Defendant-Appellee, WALGREEN CO., submits this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this review:

1.    Anderson & Welch, LLC, *Attorneys for Courtney Morgan, M.D.*

2.    Anderson, Kevin R., Esq., *Attorney for Courtney Morgan, M.D.*

3.    Chaplin, Erica F., Esq., *Attorney for Courtney Morgan, M.D.*

4.    Kula & Associates, P.A., *Attorneys for Walgreen Co.*

5.    Kula, Elliot B., Esq., *Attorney for Walgreen Co.*

6.    Morgan, Courtney, M.D., *Plaintiff-Appellant*

7.    Quintairos Prieto Wood & Boyer, PA, *Attorneys for Walgreen Co.*

8.    Schlafly, Andrew L., Esq., *Attorney for Courtney Morgan, M.D.*

9.    Smith, Hon. Rodney, *U.S. District Court Judge*

10.    Tarlow, David Michael, *Attorney for Walgreen Co.*

11.    Walgreens Co. (WAG), *Defendant-Appellee*

12.    Walter, Elaine D., Esq., *Attorney for Walgreen Co.*

C-1 of 2

*Morgan v. Walgreen Co.*
Case No. 25-11887

CERTIFICATE OF INTERESTED PERSONS
AND
CORPORATE DISCLOSURE STATEMENT
(Continued)

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.101 through 26.1-3, Defendant-Appellant, Walgreen Co., makes the following *updated* statement as to corporate ownership:

WALGREEN CO., Defendant/Appellant, states that its parent corporation is Walgreens Holding Company. Walgreen Co. is a wholly owned subsidiary of Walgreens Holding Company, a holding company incorporated in Delaware that is owned in turn by Blazing Star Parent, LLC, which is also organized in Delaware. No publicly held corporation owns more than 10% of Walgreens' stock.

COURTNEY MORGAN is an individual.

/s/ **Elliot B. Kula**
Elliot B. Kula

C-2 of 2

**RESPONSE TO
PLAINTIFF-APPELLANT COURTNEY MORGAN, M.D.'S
MOTION TO RESTORE INJUNCTIVE RELIEF PENDING APPEAL**

Appellee/Cross-Appellant, WALGREEN CO. ("Walgreens"), submits this response in opposition to the Motion to Restore Injunctive Relief Pending Appeal (the "Motion to Restore Preliminary Injunction") filed by the Plaintiff-Appellant, Courtney Morgan, M.D. ("Morgan").

### SUMMARY OF RESPONSE

The district court case is closed, upon entry of the final Order Granting Motion to Dismiss (the "Final Dismissal Order") [DE:69], and the subsequent Order Denying Motion for Reconsideration [DE:73], from which Morgan took this appeal. [DE:74].  And this appeal is *fully briefed*.

As the Court knows well from the merits briefing, Morgan sued Walgreens for interposing a block to preclude the fulfillment of his controlled substance prescriptions at any Walgreens pharmacy—after it determined that Morgan had been engaged in prescription practices that violated a settlement agreement between Walgreens and the State of Florida to resolve the statewide opioid litigation initiated by the Florida Attorney General, and which settlement agreement provided for a block in such situations.

Morgan initially obtained an interlocutory Order Granting Motion for Preliminary Injunction (the "Preliminary Injunction") [DE:25], but then the district court dismissed the action in its entirety for failure to join the State of Florida as an

1

indispensable party.  And rather than amending its complaint to add the State of Florida, Morgan appealed.

Important to the Court's analysis, Walgreens noticed its protective cross-appeal [DE:75], directed to the district court's interlocutory Order Granting Motion For Preliminary Injunction (the "Preliminary Injunction") [DE:25], which cross-appeal this Court dismissed as moot, explaining that the Preliminary Injunction "did not survive the dismissal of the case." *See* Order Dismissing Cross-Appeal, entered Feb. 18, 2026.

Nearly a year after the Final Order of Dismissal and months after this Court ruled that the Preliminary Injunction was no more, Morgan went to the district court, to seek reinstatement of the expired Preliminary Injunction.  [DE:84].  He filed, what he titled, "Expedited Motion to Maintain the Status Quo by Continuing the Preliminary Injunction During Pendency of Appeal." *Id.*

The district court, following a hearing, issued a detailed order denying Morgan's motion on three independent grounds.

Now, Morgan is asking this court to restore the preliminary injunction pending appeal.  But there's no authority for Morgan's request.  As this Court already ruled in dismissing Walgreens' cross-appeal as moot, the Preliminary Injunction "did not survive the dismissal of the case."  In other words, upon entry of the Final Dismissal Order, the Preliminary Injunction expired and expunged. There's no authority for its revival pending appeal at this juncture.

As a threshold matter, the status quo is not the existence of an injunction, so the intended purpose—preserving the status quo—is actually undermined by a

revival of the Preliminary Injunction pending appeal of the Final Dismissal Order. That want of authority aside, there are two bases for denying the request to revive the Preliminary Injunction. First, the Final Dismissal Order was based upon the district court's ruling that Morgan failed to join the State of Florida as an indispensable party, which is a ruling that the briefing has shown is beyond contest. Second, there's no showing based upon current evidence that Morgan is suffering any irreparable harm; he relies on a stale evidentiary record that's well over a year old, and even on the stale evidence, there's no showing of an inability to fill prescriptions at other pharmacies.

The Court should deny Morgan's Motion to Restore Preliminary Injunction.

### THE COURSE OF PROCEEDING

We begin with a short recitation of the proceedings for context, and only to the extent necessary to this Response.[1]

Morgan initiated the underlying litigation by filing a complaint as amended against Walgreen Co. (Walgreens) alleging one count of tortious interference with a business relationship and seeking injunctive relief. [DE:4]. Core to Morgan's lawsuit was the 2022 settlement agreement that Walgreens entered into with the State of Florida to resolve the statewide opioid litigation initiated by the Florida Attorney General. [DE:16-1 at 3]. *See also* [DE:19-1 at 9–12 (the "Settlement

---

[1] The facts are of course well known to the Court from the full briefing on the merits, and are repeated summarily here for completeness and convenient reference.

Agreement")].[2]  And so it was that Walgreens, upon determining Morgan's violative prescription practices, interposed a block to preclude the fulfillment of his controlled substance prescriptions at any Walgreens pharmacy.  *Id.*

The district court granted a temporary restraining order and required Walgreens to respond to the request for the preliminary injunction.  [DE:14.]  Then, after allowing Walgreens to respond [DE:19] and holding a hearing [DE:21], the district court granted the preliminary injunction. [DE:25].

Walgreens appealed the Preliminary Injunction [DE:29], which interlocutory appeal was docketed in the Eleventh Circuit as *Courtney Morgan v. Walgreen Co.*, No 24-13087 (the Preliminary Injunction Appeal).

During the pendency of that appeal, however, the district court dismissed Morgan's lawsuit for failure to join the State of Florida as an indispensable party, providing this explanation in the Final Dismissal Order:

> Considering all the factors set out in Rule 19(b), dismissal is appropriate under the present circumstances. Any consideration of the unjustified element of Plaintiff's claim will necessarily involve consideration of the Settlement Agreement, specifically Walgreen's rights and obligations under the Settlement Agreement. Any determination of Walgreen's obligations will have a direct impact on Florida's rights under the Settlement Agreement, thus, prejudicing Florida. There is no way to tailor the relief sought by Plaintiff without potentially affecting Florida's rights. Plaintiff does, however, have alternative forums in which to litigate this matter. Thus, the Court finds dismissal under Rules 12(b)(7) and 19 appropriate.

---

[2] The tortious interference claim rested on Walgreens' decision to block controlled substance prescriptions by Morgan, which decision was made pursuant to and compliant with the terms of its Settlement Agreement with the State of Florida. [DE:4 at 21-24].

[DE:69 at 11–12].

This appeal followed and it stands fully briefed.

**Important to note**, based upon the district court's entry of its Final Dismissal Order, and having initiated its *protective* cross-appeal, Walgreens voluntarily dismissed its interlocutory appeal of the Preliminary Injunction as moot, but noticed its *protective* cross-appeal directed to the Preliminary Injunction, explaining that the cross-appeal was conditional to the extent it either survived the Dismissal Order or were to be revived through Morgan's appeal.  [DE:75].[3]  This Court, upon consideration of jurisdictional briefing by the parties, issued an opinion on jurisdiction (hereinafter, the "Jurisdictional Opinion"), dismissing Walgreens' protective cross-appeal as moot, explaining that the Preliminary Injunction "did not survive the dismissal of the case," as follows:

> That preliminary injunction did not survive the dismissal of the case. *See Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262, 1262 (2007); *Cypress Barn, Inc. v. W. Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir. 1987) ("Since a preliminary injunction is interlocutory in nature, it cannot survive a final order of dismissal."). Thus, any ap-peal from it is now moot. *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (quotation marks omitted)); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118-19 (11th Cir. 1995) (explaining that an issue can become moot "by reason of intervening events").

---

[3] *See State of Ala. v. EPA*, 871 F.2d 1548, 1553-54 (11th Cir.1989) (recognizing that the life of a preliminary injunction expires and it has no further binding effect upon entry of a final judgment); *Zinman v. Nova Southeastern Univ.*, No. 21-11711-JJ, 2021 WL 7160514, *1 (11th Cir. Dec. 3, 2021) (demonstrating that a preliminary injunction order merges into the final order).

Jurisdictional Opinion at 2.

After all that, this Final Dismissal Order appeal fully briefed, Morgan returned to the district court (in the closed case) to seek reinstatement of the Preliminary Injunction pending his appeal of the Final Dismissal Order, which the district court denied. [DE:84]. The district court entertained the motion and, on full briefing [DE:86; DE:87] and following a hearing [*see* DE:90:1], denied the request to revive the Preliminary Injunction in an elaborated order. [DE:90].

And here we are on Morgan's similar request of this Court.

### ARGUMENT IN OPPOSITION

**First (*and foremost*)**, this Court has already addressed the issue, in this appeal, when it dismissed Walgreens' protective cross-appeal, stating that the Preliminary Injunction "did not survive the dismissal of the case." *See* Jurisdictional Opinion at 2 (citations omitted). There's no authority for its revival.

And certainly, the district court cannot be faulted for adhering to this Court's Jurisdictional Opinion. *See Cichowski v. Totten*, 2025 WL 2061416, *2 (11th Cir. July 23, 2025) ("Under the law-of-the-case doctrine, findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the district court or in a later appeal unless there is new evidence, an intervening change in controlling law dictates a different result, or the appellate decision would cause manifest injustice because it is clearly erroneous."); *Joshi v. Fla. State Univ. Health Ctr.*, 763 F.2d 1227, 1232 (11th Cir. 1985) (same); *Bracewell v. Nicholson Air Servs., Inc.*, 748 F.2d 1499, 1502 (11th Cir. 1984) (same).

6

Moreover, the district court was divested of jurisdiction by the filing of the notice of appeal. *See U.S. v. Tovar–Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (explaining that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal") (quoting *Griggs v. Provident Cons. Disc. Co.*, 459 U.S. 56, 58 (1982)); *accord, e.g., Infinity Gen. Constr. Servs., Inc. v. Argonaut Ins. Co.*, 2025 WL 3496652, *1 (11th Cir. Dec. 5, 2025). Stated another way, and further to that point, the Preliminary Injunction, having merged into the Final Dismissal Order, s*ee, e.g., Zinman*, 2021 WL 7160514 at *1, and the Final Dismissal Order having been appealed to this Court, the district court was divested of jurisdiction to revive the Preliminary Injunction. *U.S. v. Hitchmon*, 587 F.2d 1357, 1359 (5th Cir. 1979). All of which is to the point that, since the appeal is one from a final order, the district court was "divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal." *Shewchun v. U.S.,* 797 F.2d 941, 942 (11th Cir.1986) (internal quotation marks omitted). Which ultimately means that a preliminary injunction does not aid the appeal.

But the limitation on the district court aside, to the extent Morgan has relied on Rule 62(d), he's mistaken. While Morgan is correct to state "[m]ultiple circuits," though not the Eleventh Circuit, "authorize modification of an injunction while an appeal is pending, even if this alters the status quo, if 'the modification would preserve the integrity of the appeal,'" *see* DE:84 at 9 (citations omitted), neither the

7

rule nor the concern find application here.[4]  First of all, rule 62(d) speaks to a stay pending appeal "from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction."  That's not what's going on here.

Morgan is appealing from a final Dismissal Order; it's an order dismissing his action entirely, and the Preliminary Injunction "did not survive" the Final Dismissal Order, as well argued above, so that there's presently no injunction that would be subject to a rule 62(d) stay.  Second, and more to that point, the *status quo* pending appeal, in light of this Court's Dismissal Order, is that the block Walgreens interposed to preclude the fulfillment of Morgan's controlled substance prescriptions at any Walgreens pharmacy, stands without contest.  For another thing, the integrity of Morgan's appeal is not affected in any way, because if he prevails and his action against Walgreens is reinstated, then he will at that juncture have available to him the opportunity to seek reinstatement of a preliminary injunction, upon proper showing and subject to any interlocutory appeal that will be available.

---

[4] Rule 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

8

Finally, Morgan finds no support in Rule 8 of the Federal Rules of Appellate Procedure, because he cannot meet the standard for a stay or injunction pending appeal.[5]

***There's no irreparable harm***.  Morgan has not shown any irreparable harm. He proceeds on stale evidence in a long-outdated record, which he attempts to bolster for the first time on appeal with affidavits that were not presented at an evidentiary hearing in the district court.  That's improper itself.  But even so, Morgan never explains away the availability of other pharmacies for the fulfillment of his prescriptions.  And a balancing of the harms weighs decisively in Walgreens' favor. The imposition of a mandatory Preliminary Injunction forces Walgreens into an impossible position: it must either violate the injunction or breach the settlement agreement with the State of Florida.  Meanwhile, if the block were in effect, Dr. Morgan's patients can fill his controlled substance prescriptions at other pharmacies (and can continue to fill his prescriptions for non-controlled medications at Walgreens).

***There's no likelihood of success on the merits of the appeal***.  Dr. Morgan failed to demonstrate any likelihood of success on the merits of his (fully briefed) appeal.  The State of Florida is undeniably an indispensable party to Morgan's action, which at core turns on the settlement agreement that

---

[5] *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (explaining that while "[d]ifferent Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal," under both Fed. R. App. P. 8 and Fed R. Civ. P. 62. "the factors regulating the issuance of a stay are generally the same") (citation omitted).

Walgreens entered into with the State of Florida to resolve the statewide opioid litigation initiated by the Florida Attorney General. *See* DE:16-1 at 3. *See also* DE:19-1 at 9–12. That is, Morgan initiated the underlying litigation against Walgreens for its determination that Morgan violated prescription practices and its decision thereon to interpose a block to preclude the fulfillment of his controlled substance prescriptions at any Walgreens pharmacy. *Id.* But that determination and decision was pursuant to and required by the settlement agreement that Walgreens entered into with the State of Florida.

### CONCLUSION

The Court should deny Morgan's Motion to Restore Preliminary Injunction.

Respectfully submitted,

Elliot B. Kula
Florida Bar No. 03794
Elaine D. Walter, Esq.
Florida Bar No. 873381
KULA & ASSOCIATES, P.A.
120900 Biscayne Boulevard, Suite 221
Miami, Florida 33181
Phone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com
*Counsel for Defendant-Appellee Walgreen Co.*

By: /s/ Elliot B. Kula
Elliot B. Kula

By: /s/ Elaine D. Walter
Elaine D. Walter

10

**CERTIFICATE OF COMPLIANCE**

I certify that this Response complies with the type-volume limitation set forth in Rules 32(g)(1) of the Federal Rules of Appellate Procedure.  This Response uses Times New Roman 14-point typeface and contains <u>2,428</u> words.

<u>/s/ Elliot B. Kula</u>
Elliot B. Kula

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system.  I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Elliot B. Kula</u>
Elliot B. Kula
