# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CASE NO. 25-11887

COURTNEY MORGAN, M.D.,
*Plaintiff-Appellant,*

v.

WALGREEN CO.,
*Defendant-Appellee.*

On Appeal from the
U.S. District Court of the Southern District of Florida
DISTRICT COURT DOCKET NO. 0:24-cv-61442-RS

## REPLY BY PLAINTIFF-APPELLANT COURTNEY MORGAN, M.D., IN SUPPORT OF HIS MOTION TO RESTORE INJUNCTIVE RELIEF PENDING APPEAL *(TIME-SENSITIVE)*

Andrew L. Schlafly, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY
939 Old Chester Road
Far Hills, NJ 07931
Tel: (908) 719-8608
Fax: (908) 934-9207
Email: aschlafly@aol.com

Erica Chaplin, Esq.
ANDERSON & WELCH, LLC
500 S. Australian Ave., 6th Flr
West Palm Beach, FL 33401
Tel: (561) 832-3386
Fax: (561) 820-4867
Email: chaplinlaw@gmail.com
andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellant, Courtney Morgan, M.D.*

# TABLE OF CONTENTS

Page(s)

Table of Contents ........................................................................................ ii

Table of Citations ...................................................................................... iii

Introduction ................................................................................................1

Walgreens' Response ...................................................................................2

## REPLY ARGUMENT

I.    The Dismissal of Walgreens' Cross-Appeal Does Not Preclude the Injunctive Relief Sought by Dr. Morgan ........................................................6

II.   The Requested Injunction Would Restore the Status Quo ............................7

III.  The District Court Was Not Divested of Jurisdiction to Issue the Requested Injunction ........................................................8

IV.   Walgreens' Defiant Plan to Continue Its Corporate-Wide Block, Even If It Loses This Appeal, Reinforces the Need to Enjoin It Now............8

V.    The Supplemental Declarations Submitted Here Are Allowed by the Federal Rules and Precedent, and Disprove Walgreens' Speculation about an Availability of Alternatives ............................................................9

Conclusion ..............................................................................................11

Certificate of Compliance .........................................................................12

ii

## TABLE OF CITATIONS

**Cases**                                                                                          **Pages(s)**

*Access Now, Inc. v. Southwest Airlines Co.,*
    385 F.3d 1324 (11th Cir. 2004) ..................................................................5

*Chabad Chayil, Inc. v. School Board of Miami-Dade County,*
    48 F.4th 1222 (11th Cir. 2022) ................................................................ 4-5

*Howard Johnson Co. v. Detroit Local Joint Executive Board, Hotel &*
    *Restaurant Employees,*
    417 U.S. 249 (1974) ..................................................................................6

*International Association of Machinists & Aerospace Workers v.*
    *Panoramic Corp.,*
    668 F.2d 276 (7th Cir. 1981) .....................................................................6

*LA Alliance for Human Rights v. County of Los Angeles,*
    14 F.4th 947 (9th Cir. 2021) ....................................................................10

*Violette v. P.A. Days, Inc.,*
    427 F.3d 1015 (6th Cir. 2005) ...................................................................8

## Federal Rules of Appellate Procedure

FED. R. APP. P. 8................................................................................................8

FED. R. APP. P. 27(a)(2)(A)(i) .......................................................................11

FED. R. APP. P. 27(a)(2)(B)(i).........................................................................10

## Other

Auzinea Bacon, "Rite Aid closes all remaining stores after 63 years in
    business," *CNN* (Oct. 6, 2025)
    https://abc7.com/post/rite-aid-closes-remaining-stores-more-60-
    years-business/17937848/.......................................................... 3-4

https://floridadaily.com/cvs-walgreens-and-rite-aid-closing-stores-in-
    florida-as-nationwide-pharmacy-cuts-accelerate/ ...........................................4

## INTRODUCTION

Walgreens created the crisis necessitating this motion by implementing a corporate-wide block on May 29, 2026, of all controlled-substance prescriptions written by Courtney Morgan, M.D. ("Dr. Morgan"), despite Dr. Morgan prevailing at an evidentiary hearing below and despite this fully briefed appeal awaiting decision by this Court. The district court enjoined Walgreens' conduct after an evidentiary hearing, and that injunction remained in effect for nearly two years without incident. Meanwhile, Florida repeatedly inspected Dr. Morgan's clinic, including its prescribing practices and patient records, found the clinic in complete compliance, maintained Dr. Morgan's unrestricted medical license in good standing, and never challenged the injunction.

The district court ultimately granted a motion by Walgreens to declare Florida a necessary party below, which Walgreens filed to destroy jurisdiction for Dr. Morgan. Challenge to this doubtful district court decision has been fully briefed here, with a new ruling expected shortly. If Dr. Morgan prevails here, then the injunction below should be reinstated automatically upon issuance of this Court's mandate. But in the meantime, the status quo needs to be preserved in aid of this Court's jurisdiction and to prevent irreparable harm, such that this Court should grant Dr. Morgan's motion to enjoin Walgreens' corporate-wide block on all of his controlled-substance prescriptions, which extends far beyond opioids and is inclusive of non-

1

opioid controlled substance medications.

Dr. Morgan's request here is straightforward: to prevent irreparable harm by reinstating the injunction below, issued after a full evidentiary hearing, which was honored without difficulty or any problems by Walgreens from August 23, 2024, until May 29, 2026.

**WALGREENS' RESPONSE**

Walgreens' response is notable for how it is devoid of any explanation or justification for reinstating a corporate block of all of Dr. Morgan's controlled substance prescriptions on the eve of a decision on this appeal, despite Walgreens allowing its pharmacists to make their individualize decisions, as they should, for nearly two years after the district court enjoined Walgreens on August 23, 2024. Dr. Morgan has explained in his motion how devastating Walgreens' unexplained new corporate-wide block is and the irreparable harm it causes. Yet Walgreens is silent in providing any rationale for its blanket corporate-wide refusal to fill Dr. Morgans' prescriptions for patients.

Instead of addressing the irreparable harm, Walgreens resorts to bombastic rhetoric that does not withstand scrutiny. For example, Walgreens argues that "the briefing has shown" that its argument that the State of Florida is an indispensable party to this lawsuit "is beyond contest." (Walgreens Resp. 3) To the contrary, Walgreens' position is strongly contested by Dr. Morgan here, and probably by

2

Florida in the future if necessary, and this issue is what awaits a decision soon by this Court. Walgreens is not being deferential to this Court with its statement of "beyond contest" when this Court has not yet decided this issue and may well reach a conclusion opposite to Walgreens'.

Second, Walgreens insists there has not been a showing of irreparable harm (*id.*), when Dr. Morgan did successfully make that showing at an evidentiary hearing and in its motion here, and the reputational harm is self-evident. When Dr. Morgan's prescriptions are refused by a large chain pharmacy due to a corporate-wide block, the inherent reputational harm to Dr. Morgan is immense, and his often immobile patients are forced to search elsewhere, typically in futile, for their office visits and medications. It is Walgreens that fails to make a showing for its argument that other pharmacies are conveniently available for filling these prescriptions which, even if true, would not eliminate the irreparable harm to Dr. Morgan's reputation when Walgreens refuses to fill his prescriptions. Once other pharmacies hear that Walgreens has blocked a physician, the cascading effect of additional blocks tend to occur automatically.

Walgreens is being a bit disingenuous by implying that patients can get their prescriptions filled by another pharmacy after Walgreens denies them. Walgreens knows, for example, that "[a]ll Rite Aid stores have now closed." Auzinea Bacon, "Rite Aid closes all remaining stores after 63 years in business," *CNN* (Oct. 6,

3

2025).[1] Moreover, the declarations already submitted with this motion confirm that Walgreens' assumption is incorrect. Mitchell Epstein, a permanently disabled quadriparetic patient, testified previously that changing physicians or pharmacies would be difficult and he confirms that, despite efforts to locate alternatives, he has been unable to identify another pharmacy willing and able to fill his medications while also accepting his insurance. (Motion Exh. 1, Declaration of Mitchell Epstein ¶¶ 12-14) Christopher Roberts similarly explains that Walgreens has already forced him to change pain-management physicians twice because of prior corporate blocks and stated he "cannot continue changing physicians every time Walgreens decides not to honor a particular doctor's prescriptions." (Motion Exh. 1, Declaration of Christopher Roberts ¶ 10) These declarations demonstrate that alternative pharmacy and physician access is neither simple nor readily available.

Third, Walgreens even resorts to a new argument here that it did not raise below: alleging without basis that Dr. Morgan "violated prescription practices." (Walgreens Resp. 10; *see id.* 1, 4). Walgreens cites nothing in the record or anywhere else for this false assertion, which it raises for the first time on appeal here and should therefore not be considered. *See, e.g., Chabad Chayil, Inc. v. Sch. Bd. of Miami-*

---

[1] https://abc7.com/post/rite-aid-closes-remaining-stores-more-60-years-business/17937848/ (viewed June 14, 2026); https://floridadaily.com/cvs-walgreens-and-rite-aid-closing-stores-in-florida-as-nationwide-pharmacy-cuts-accelerate/ (viewed June 17, 2026).

*Dade Cty.*, 48 F.4th 1222, 1233 (11th Cir. 2022) ("We do not consider arguments raised for the first time on appeal."); *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (issues raised for the first time on appeal "will not be considered").

The record reflects that Dr. Morgan has active and unrestricted Florida and DEA licenses, a clear pain management clinic license, and no finding by the DOH, Board of Medicine, DEA, or any court that Dr. Morgan engaged in improper prescribing. He has history of only favorable DOH audits, including the August 2024, May 2025, and March 2026 audits. Yet Walgreens, a corporate retail pharmacy that is not a regulatory agency, "determined" that Dr. Morgan's prescribing practices violated their settlement agreement with the State of Florida. This new assertion is only Walgreens' belated opinion used to inflame the passions of the Court.

The record also reflects that the district court case was dismissed in February 2025, and reconsideration of the dismissal denied on May 5, 2025. Yet, Walgreens did not attempt to reimpose the block until over one year later, on May 29, 2026. Walgreens' conduct is inconsistent with the rhetoric it is now advancing.

## REPLY ARGUMENT

### I.     The Dismissal of Walgreens' Cross-Appeal Does Not Preclude the Injunctive Relief Sought by Dr. Morgan.

Walgreens misplaces reliance on the dismissal of its cross-appeal as a basis for denying Dr. Morgan's motion for injunctive relief while awaiting a decision on the merits here. (Walgreens Resp. 2, 5, 6) If Dr. Morgan prevails in his argument that Florida is not an indispensable party to this dispute, then the district court injunction entered in his favor will revive. While awaiting this decision by this Court, nothing (and certainly not the dismissal of Walgreens' cross-appeal) stands in the way of Dr. Morgan obtaining injunctive relief pending the upcoming ruling by this Court on his appeal. Such injunctions are commonly granted pending a ruling. *See, e.g.*, *Int'l Ass'n of Machinists & Aerospace Workers v. Panoramic Corp.*, 668 F.2d 276, 277 (7th Cir. 1981) ("Because we agree that failure to issue such a status quo injunction under the present circumstances would have resulted in frustration of the arbitral process, we affirm the district court's award of equitable relief.") (relying on *Howard Johnson Co. v. Detroit Local Joint Executive Board, Hotel & Restaurant Employees*, 417 U.S. 249, 258 n.3 (1974)).

Walgreens' reinstatement of its corporate-wide block of Dr. Morgan, despite the district court enjoining this conduct after an evidentiary hearing, will damage Dr. Morgan's reputation and could drive Dr. Morgan out of business before his appeal is resolved by this Court. Even if Dr. Morgan were to prevail tomorrow on this

6

appeal here, Walgreens could delay the issuance of the mandate by filing a petition for reconsideration, which could take months to resolve. Now and throughout this period there would be irreparable harm to Dr. Morgan and his patients if his motion here for injunctive relief were denied.

## II.    The Requested Injunction Would Restore the Status Quo.

The status quo is for individual pharmacists to exercise their own professional judgment regarding the filling of prescriptions written by a physician in good standing, in this case Dr. Morgan. This practice is not only longstanding, but is consistent with Florida law, which entrusts corresponding responsibility determinations to the dispensing pharmacist. This was the customary practice prior to this controversy arising between Walgreens and Dr. Morgan.

At the time of this appeal, and throughout the period of August 23, 2024, to May 29, 2026, Walgreens allowed its pharmacists to exercise their independent judgment in filling Dr. Morgan's prescriptions. Despite these undisputed facts, Walgreens repeatedly denies that allowing its pharmacists to fill Dr. Morgan's prescriptions was the status quo, up until about two weeks ago. (Walgreens Resp. 2, 8) It is Walgreens that has upset this status quo on the eve of a forthcoming decision by this Court, thereby undermining its authority. Walgreens' recent conduct in imposing a corporate-wide block on Dr. Morgan's cannot be plausibly recast as the status quo, in light of the history of this appeal and the case below.

### III. The District Court Was Not Divested of Jurisdiction to Issue the Requested Injunction.

In its response, Walgreens repeats again its fallacious argument that the district court somehow lacked jurisdiction to restore the status quo with an injunction in aid of the authority of this Court to render its decision. (Walgreens Br. 7) Of course the district court has the power to issue equitable relief in furtherance of an appeal, and to decide a motion for injunctive relief that must be brought to it in the first instance before bringing it here. Indeed, Rule 8 of the Federal Rules of Appellate Procedure requires an appellant to seek injunctive relief first in the district court before seeking the same relief in the Court of Appeals. FED. R. APP. P. 8 ("A party must ordinarily move first in the district court for the following relief: … (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."). The Federal Rules are interpreted not to require fruitless procedural exercises. *Cf. Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1017 (6th Cir. 2005) ("employing standard statutory canons to interpret Federal Rules of Appellate Procedure") (citation omitted).

Regardless, Dr. Morgan's motion for injunctive relief is proper here, and not even Walgreens argues that this Court lacks authority to grant this motion.

### IV. Walgreens' Defiant Plan to Continue Its Corporate-Wide Block, Even If It Loses This Appeal, Reinforces the Need to Enjoin It Now.

Rather than expressing that it will abide by the upcoming ruling by this Court,

8

Walgreens instead adopts a defiant tone indicating it will continue its corporate-wide block against Dr. Morgan, even if he prevails in this appeal (which would overturn the dismissal below):

> [I]f [Dr. Morgan] prevails and his action against Walgreens is reinstated, then he will at that juncture have available to him the opportunity to seek reinstatement of a preliminary injunction, upon proper showing and subject to any interlocutory appeal that will be available.  (Walgreens Resp. 8)

Walgreens' position reinforces the need to grant his motion for injunctive relief now. The process sought by Walgreens could take many months or even a year for Dr. Morgan to pursue, if he will have the resources to do so amid a drop in patients who cannot get their prescriptions by him filled. The district court injunction previously issued against Walgreens, based on an evidentiary hearing, should be respected by Walgreens immediately if it loses this appeal. Yet Walgreens indicates that it will not abide immediately by that injunction, and thus the injunction requested by Dr. Morgan should be granted by this Court on this motion.

## V. The Supplemental Declarations Submitted Here Are Allowed by the Federal Rules and Precedent, and Disprove Walgreens' Speculation about an Availability of Alternatives.

Instead of addressing the contents of the four compelling supplemental declarations by patients filed here with the Motion (Exh. 1) showing irreparable harm and the public interest – two of the factors in considering injunctive relief – Walgreens tries to exclude them based on procedure. (Walgreens Resp. 9) But the Federal Rules expressly allow and encourage filing affidavits (declarations) in

support of a motion on appeal:

> Contents of a Motion. … (B) Accompanying documents. (i) Any affidavit or other paper necessary to support a motion must be served and filed with the motion.

FED. R. APP. P. 27(a)(2)(B)(i). Courts of Appeals routinely allow and consider supplemental affidavits or declarations in support of this type of time-sensitive motion on appeal. *See, e.g.*, *LA Alliance for Human Rights v. Cty. of L.A.*, 14 F.4th 947, 959 (9th Cir. 2021) ("There is no evidence that LA Alliance's non-Plaintiff members – including those described in supplemental affidavits filed with Plaintiff's Motion – are Black …."). The first supplemental declaration here is by Mitchell Epstein, a 100% disabled patient who suffers from quadriparesis, who also testified earlier at the evidentiary hearing in the district court in support of the injunction granted in 2024. *See* Exh. 1, Declaration of Mitchell Epstein ¶ 6 ("The concerns I expressed in 2024 remain true today and have become more immediate because Walgreens has now refused to fill prescriptions written by Dr. Morgan.").

The four declarations supplement the evidence of irreparable harm and the public interest in granting the requested injunction, as provided earlier in the district court at the evidentiary hearing at which the court granted the requested injunctive relief. Having proven that once in district court, in the shortness of time it did not seem necessary to prove it there again with new declarations, nor was it possible to include below updated information about the impact of Walgreens' recent corporate-

10

wide block. It was impractical and would have wasted precious time to try a second time in the district court with these new supplemental declarations. *See, e.g.*, FED. R. APP. P. 27(a)(2)(A)(i) (not necessary to move first in the district court if it "would be impracticable").

Despite this, Walgreens seeks to exclude all four of these compelling declarations submitted in support of Dr. Morgan's motion, without even addressing their contents. Instead, Walgreens makes an unsupported argument that alternatives remain available to the patients. (Walgreens Resp. 9) Mitchell Epstein's declaration proves that Walgreens' unsupported assertion is flatly incorrect:

> 12. Since learning that Walgreens intends to stop honoring Dr. Morgan's controlled substance prescriptions, I have attempted to identify alternative pharmacies. Despite my efforts, I have been unable to locate another pharmacy willing and able to fill my medications.
>
> 13. Finding another pharmacy is especially difficult because it must not only be willing to dispense these medications, but must also accept my insurance. My options are therefore extremely limited.

(Exh. 1, Declaration of Mitchell Epstein ¶¶ 12-13) The additional supplemental declarations further reinforce this irreparable harm and public interest, in favor of granting the motion. Walgreens has never submitted any evidence to the contrary.

## CONCLUSION

Dr. Morgan respectfully requests that this Court grant expedited injunctive relief restoring the status quo, by which Walgreens has allowed its individual pharmacists to fill, in their own professional judgment, Dr. Morgan's prescriptions.

11

Dr. Morgan asks that this injunction remain in effect pending final resolution of Dr. Morgan's appeal here and an issuance of the mandate by this Court.

Dated: June 17, 2026                          Respectfully submitted,

/s/ Andrew L. Schlafly                        /s/ Erica Chaplin
Andrew L. Schlafly, Esq.                      Erica Chaplin, Esq.
LAW OFFICE OF ANDREW L. SCHLAFLY              ANDERSON & WELCH, LLC
939 Old Chester Road                          500 S. Australian Ave., 6th Flr
Far Hills, NJ 07931                           West Palm Beach, FL 33401
Tel: (908) 719-8608                           Tel: (561) 832-3386
Fax: (908) 934-9207                           Fax: (561) 820-4867
Email: aschlafly@aol.com                      Email: chaplinlaw@gmail.com
                                              andewelch@andersonandwelch.com

*Counsel for Plaintiff-Appellant, Courtney Morgan, M.D.*


## CERTIFICATE OF COMPLIANCE

This reply complies with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements pursuant to Fed. R. App. P. 27(d)(2) and 32(a)(5)-(6) because:

1. This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this reply contains 2,596 words excluding the parts of the reply exempted by Fed. R. App. P. 32(f).

2. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this reply has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.


Dated: June 17, 2026                          /s/ Andrew L. Schlafly
                                              Andrew L. Schlafly
                                              *Counsel for Plaintiff-Appellant*

12